### Edward M. Felch *vs.* Otis Allen & another.

If, without authority from their common master, in whose warehouse they are engaged in the same work, one of two servants directs the other to use in the work an elevator in a dangerous and improper manner, for which it was not intended or provided and the master had no reason to believe that it would be used, and such other, in complying with this direction, is injured by a fall caused by a defect in the elevator, the master is not liable in damages for the injury.

Tort for an injury sustained by the fall of the platform of an elevator.

At the trial in the superior court, before *Ames*, C. J., the plaintiff's evidence showed that he was a workman in the chair fac-

tory of one of the defendants in the basement of a building, the other floors of which were occupied as machine shops, except the attic floor, which was empty ; that this defendant was transferring his factory from the basement into the attic, and his foreman directed the plaintiff to help one Hussey, a fellow-workman, to move the stock ; that Hussey and the plaintiff had carried up stairs several loads of " chair stuff" in baskets, when Hussey proposed that, in order to relieve them from the fatigue of going up and down stairs, they should make use of an elevator, which ran from the basement to the attic, and was made so that it could be and was used by the occupants of each floor in the building ; that they sent up three or four loads by the elevator, no one accompanying them, and had put upon the platform another load, including a plank eight or ten feet long, which they set upright, when Hussey said that some one must go up with this plank to steady it, and to the plaintiff, " You go ;" that the plaintiff had never used the elevator before, nor seen it used, nor was acquainted with the proper manner of using it, but got on the platform and held by the irons on the sides of it, and ascended upon it without apprehension of danger until it had almost reached the floor of the attic, when he saw that the plank would strike the beam at the top of the elevator, and cried to William Thomas, another of the workmen, who had gone up stairs to receive the load, to stop the machine, but before Thomas could stop it the plank struck the beam with such force that the rope, which was decayed and unsuitable, broke, and let the platform fall with the plaintiff, whereby he was severely injured. It did not appear how often or with what loads the elevator had been used previously, or that either of the defendants knew or had reason to suppose that any of their workmen went up or down in it; and the plaintiff's witnesser testified that it was improper and unsafe for any person to go up or down in it.

The judge ruled that this evidence would not sustain the action, directed a verdict for the defendants, and reported the case for revision by this court.

*J. C. Kimball,* for the plaintiff

*T. H. Sweetser & W. S. Gardner,* for the defendants, were not called upon.

HOAR, J. The evidence reported does not show that the cause of the plaintiff's injury was anything which the defendants or either of them had provided to be used by him in the manner in which he used it; or which they knew or had any reason to suppose he would use in that manner. He was not directed or expected to go upon the elevator, by either of the defendants, or by any person authorized by them to direct him; and he showed affirmatively that his injury was the result of his own imprudence and want of due care.

The report finds that the plaintiff and Hussey were employed by one of the defendants; that Hussey was directed by the foreman to move some " chair stuff" from the basement to the attic of the mill, and the plaintiff was directed to help him; that, when they had carried part of it by the stairs, Hussey proposed that they should use the elevator, and proposed that the plaintiff should go up on it to steady some plank which they were sending up; that the plaintiff had never used the elevator before, or seen it used; and that it was not in a safe condition. But the plaintiff's evidence showed that it was improper and unsafe for any person to go up or down in the elevator; and there was no proof that it was ever designed or intended for such a use, or that either of the defendants knew, or had reason to suppose, that any of the men went up or down upon it.

The case, then, is simply this: that two servants of a common master are employed upon the same work; that one of them, without authority from his employer, directs the other to use a machine for a dangerous and improper purpose, for which it was not intended or provided; and that he complies, and receives an injury. There is no principle of law which will make the employer answerable for the damages in such a case.

The employer is bound to adopt and provide suitable means and instruments to carry on his business; and if he fails to use reasonable care and skill in making this provision, he is responsible to his servants for an injury to them caused by his negligence in this respect. *Snow* v. *Housatonic Railroad Co.* 8 Allen

441, and cases there cited. But if the servants undertake to use machinery or instruments for purposes for which they were not designed, and for which the employer had no reason to suppose they would be used, it is their own fault or folly if harm comes from it. In *Stewart* v. *Harvard College*, 12 Allen, 58, the liability of the defendants was supported upon the express ground that the elevator was constantly used for the passage of persons up and down, and that it was properly incident to the business of raising and lowering goods that persons should go up and down on the elevator with them. From this an obligation to furnish a safe passage to persons upon it was derived. But, in the case at bar, no such obligation was shown, nor was there any evidence that Hussey was an agent of the defendants with authority to send the plaintiff upon the elevator.

*Judgment for the defendants.*