PATRICK SMITH *vs.* LOWELL MANUFACTURING COMPANY.

Middlesex.     Jan. 8. — Feb. 19, 1878.     AMES & LORD, JJ., absent.

In an action against a corporation for personal injuries, there was evidence that the plaintiff was employed by the defendant to clean the outside frame of a carding machine in a mill ; that, in rubbing a part of the frame, he was injured by pressing in a movable board, which was ordinarily kept in place by a wooden button on the outside ; that this wooden button was at the time loose, owing to the screw which held the button not being tightened.  *Held,* that the only negligence which the jury would be justified in finding was negligence of a fellow servant in not tightening the screw, and that the action could not be maintained.

TORT for personal injuries received in the defendant's mill. Trial in this court, before *Ames, J.,* who ruled that, upon the evidence, the plaintiff could not maintain his action, and, after a verdict for the defendant, reported the case for the consideration of the full court.   The nature of the evidence appears in the opinion.

*F. T. Greenhalge,* (*J. F. McEvoy* with him,) for the plaintiff.

*D. S. Richardson & G. F. Richardson,* for the defendant, were not called upon.

MORTON, J.   The plaintiff was engaged in cleaning the outside frame of a carding machine.   In rubbing the movable board, which formed a part of the frame, he pressed it in at the top, and was injured.   This board was kept in place by wooden buttons on the outside, held with screws.   The only evidence in the case which tended to show the cause of the board's giving way, was that the button at the bottom, intended to keep it in its place, had become loosened.   In entering the defendant's service, the plaintiff assumed all the ordinary risks of his employment, including those arising from the negligence of his fellow servants. The only negligence which the jury would be justified in finding, upon the evidence, to be the cause of the plaintiff's injury, was negligence of a fellow servant in not tightening the screw which held the loosened button.   For such negligence, the defendant is not responsible to the plaintiff, it being admitted that it employed competent and suitable servants.

The ruling of the presiding justice that, upon the evidence, the plaintiff could not maintain his action, was therefore correct.

*Judgment on the verdict.*