CATHERINE KELLEY, administratrix, *vs.* BOSTON LEAD COMPANY.

Suffolk.    March 4. — 5, 1880.    ENDICOTT & SOULE, JJ., absent.

A master is not liable to a servant for an injury sustained by him from the fall of an elevator caused by the negligence of a fellow-servant.

TORT for a personal injury occasioned to the plaintiff's intestate by the alleged negligence of the defendant corporation. Trial in the Superior Court, before *Wilkinson*, J., who ordered a verdict for the defendant, and reported the case for the determination of this court, in substance as follows:

The defendant used in its business a building one story and a half in height, through which ran a driveway; on each side of the driveway were bins, into which the workmen were obliged to go to place the materials used in making white lead. Opposite to each bin was a platform elevator, projecting into the driveway, which was raised up and down by a rope running from the top of the elevator and fastened to and coiled around a revolving drum near the top of the building. There were grooves in the side timbers of the openings of each bin, into which each elevator fitted, and there were cleats to keep the elevator in place; but there were no appliances to keep the elevator from falling in case the rope which suspended it should break, or any other accident happen. The machinery which caused the drum to revolve was brought into gearing with a

main shaft, and set in motion by pulling a wire rope which passed by the side of the elevator to the driveway. By pulling another rope, the elevator could be stopped.

These elevators were constructed and used for the purpose of taking the materials used in making white lead to the bins, and there was no evidence that they were constructed or used for any other purpose, although there was evidence that the workmen sometimes went up and down on them.

On the morning of the accident, the plaintiff's intestate, who had been in the employ of the defendant for about five weeks, was on his way to his work in one of the bins, when he was injured by one of the elevators falling from above. There was no evidence whether the elevator had been used before on that day or not, or that the rope was broken when the elevator came down, or that it was unfastened from the drum, or that the platform came out of place in coming down, or that there was anything out of order in any part of the machinery. The only evidence given in explanation of the sudden descent of the elevator was that the rope was loose or uncoiled from the drum, when a workman, who had gone into the second story for some vinegar to place in the bins, got upon the elevator with the vinegar, and the elevator immediately fell before he could touch either of the ropes used to set the elevator in motion and to stop it. This workman was in the habit of getting the vinegar used in the bins, and he would sometimes place the vinegar on the elevator and lower it, and sometimes he would go down on the elevator with the vinegar. He testified that in this instance he stepped upon the elevator without looking at the rope, or the drum, or at anything connected with the elevator; that, if the rope was loose or uncoiled over the drum, there was nothing to prevent his seeing it if he had looked.

Except the evidence hereinbefore stated, and any inference which a jury might legally draw from it, there was no evidence that the hoisting platform or its machinery was, in any respect, unsafe, out of repair, dangerous, or unsuitable for the purpose for which it was designed, or of any want of proper care or caution on the part of the defendant corporation, or its officers, or of the use of due care or caution on the part of the plaintiff's intestate.

*B. E. Perry,* (*C. P. Gorely* with him,) for the plaintiff.

*W. Gaston & L. S. Dabney,* for the defendant, were not called upon.

BY THE COURT. There is no evidence that the defendant was negligent, or that the injury to the plaintiff's intestate happened from any other cause than the act or the negligence of a fellow-servant, either in leaving the elevator suspended at the second floor, or in leaving the rope out of gear, or in coming down on the elevator while the rope was out of gear. *Felch* v. *Allen,* 98 Mass. 572. *Wood* v. *New Bedford Coal Co.* 121 Mass. 252. *Smith* v. *Lowell Manuf. Co.* 124 Mass. 114. *Walker* v. *Boston & Maine Railroad, ante,* 8.

*Judgment on the verdict.*