C. MEECH WOOLSEY, as Executor, etc., of GEORGE C. WOOLSEY, Deceased, Appellant, v. JOHN E. LASHER, Respondent.

*Nonsuit — an exception thereto implied when leave to go to the Appellate Division in the first instance is given — right of one of two joint lessors to sue for rent.*

Although no formal exception to the ruling of the court granting a nonsuit is taken by the plaintiff, it is sufficient, for the purposes of its review by the Appellate Division, that the court has granted leave to the plaintiff to go to the appellate court in the first instance, thereby indicating its understanding that the counsel for the plaintiff had excepted to its ruling.

Where, after a lease has been executed by two tenants in common of land, an agreement has been entered into between the lessors and the lessee by which the latter is to pay one-half of the rent to each of the lessors, one of the lessors, alleging that one-half the rent has been paid to his co-owner, may maintain an action for the one-half of the rent due and unpaid to himself by the lessee without joining his co-owner as a party to the action.

APPEAL by the plaintiff, C. Meech Woolsey, as executor, etc., of George C. Woolsey, deceased, from a judgment of the Supreme

Court in favor of the defendant, entered in the office of the clerk of the county of Ulster on the 28th day of March, 1898, upon the dismissal of his complaint by direction of the court after a trial at the Ulster Trial Term.

*E. Dayton,* for the appellant.

*Amos Van Etten,* for the respondent.

MERWIN, J.:

On the 3d of September, 1887, George C. Woolsey and Henrietta Von Beck, guardian of Irving Von Beck, and Irving Von Beck as parties of the first part, and the defendant as party of the second part, entered into a lease of certain premises for the term of ten years from October 16, 1887, at the yearly rent of $2,520, payable monthly in advance in equal payments. It was stated in the lease that Woolsey owned one-half the premises and that Henrietta Von Beck and Irving Von Beck represented the other half. George C. Woolsey died on the 15th of April, 1896, leaving a will, in which the plaintiff was named as sole devisee and as executor. Letters testamentary were issued to plaintiff on the 28th of July, 1896, and this action was commenced in March, 1897.

In the complaint it is claimed that the defendant is indebted to the plaintiff for one-half the rent from January 16, 1896, to November 16, 1896; and it was alleged that, by mutual agreement between the parties, the defendant from time to time paid one-half of the rent to George C. Woolsey during his lifetime, but not after January 16, 1896, and the other half to Irving Von Beck.

At the close of the evidence on the part of the plaintiff, the court granted a nonsuit upon the ground that the co-tenant in common, Irving Von Beck, had not been joined in the action.

It is urged by the respondent that the appellant took no exception to the ruling of the court granting a nonsuit, and is not, therefore, in a position to review the same. The appellant did not use the words " I except," but he indicated his intention not to acquiesce in the ruling, but to review the same, and the court granted him leave to go to the appellate court in the first instance. The court by granting such leave evidently understood that the counsel for plaintiff excepted, and that is said to be sufficient. (8 Ency. Pl. &

Pr. 167 and cases cited.   See, also, *Snelling* v. *Yetter*, 25 App. Div. 590.)   The respondent must, we think, meet the question whether the nonsuit was properly granted.

There was evidence tending to show, and from which the jury would have had the right to find, that, after the making of the lease, it was understood and agreed between all the parties that the defendant should pay to Woolsey directly his one-half of the rent, and should pay the other half to Von Beck; that practically there was a severance of the rights of the two tenants in common in the rent, and that it was so understood and assented to by the defendant; that the defendant had settled with Von Beck for one-half the rent for the period covered by the claim of the plaintiff.   It also appeared that the last payment made by the defendant to the plaintiff's testator was on December 4, 1895, being the sum of $100 on an account made out against defendant in favor of George E. Woolsey for half the rent for four months to December 16, 1895.

If there was a severance of the ownership of the rent, understood and acted upon by all parties, it was not necessary for the plaintiff in his action for his share to make Von Beck a party to the action (*Powis* v. *Smith*, 5 B. & Ald. 850; Wood's Landl. & Ten. 126.)   The action was at law for the recovery of money only. (*Chapman* v. *Forbes*, 123 N. Y. 532.)

The question whether the plaintiff, as executor, can recover for rent that became due after the death of his testator is not now before us.   A part of the plaintiff's claim is for rent due before such death. Nor is there any question here about the defendant's counterclaim.

If the printed record does not, as the defendant suggests, contain the certificates required by law, the question should have been raised by motion to dismiss.   The case seems to have been settled by stipulation.

The nonsuit was, we think, improperly granted, and a new trial, therefore, should be granted.

All concurred.

Judgment reversed, new trial granted, costs to abide the event.