## DEANE v. CITY OF BUFFALO.

(Supreme Court, Appellate Division, Fourth Department.   June 13, 1899.)

**1.** REVIEW—NONSUIT—FAILURE TO TAKE FORMAL EXCEPTIONS.
　　When plaintiff first rested, the court intimated an intention to nonsuit him, and to allow an exception. Thereupon he submitted further evidence, at the close of which he was nonsuited, but no exception was taken. *Held* that, though no exception was formally taken when the motion for nonsuit was actually granted, he was entitled to have the appellate division treat the case as though it had been, where the exceptions are ordered to be heard by it in the first instance.

**2.** MASTER AND SERVANT.
　　Where a contractor, engaged with his own teams in hauling garbage for a city, employs a teamster, the relation of master and servant does not exist between the teamster and the city.

**3.** NEGLIGENCE—PERSONAL INJURY—DEFECTIVE APPLIANCES.
　　Plaintiff was employed as a teamster by a contractor engaged in hauling garbage for a city, and used a wagon belonging to it. The footboard of the wagon was split, and, discovering that something was loose about the forepart of the wagon, he got off the footboard onto the pole, when his horses started. He held on to the lines with one hand, and grasped the footboard with the other, and thus, subjecting it to an unusual strain, it gave way, and he was injured. *Held* that, conceding the city was bound to keep the wagon in a reasonably safe condition for the use for which it was designed, there was no evidence to show that it was designed to support him in such a situation, and the city was not liable.

**4.** SAME—CONTRIBUTORY NEGLIGENCE.
　　Neither does it satisfactorily appear that plaintiff was free from contributory negligence.

Action by Cornelius Deane against the city of Buffalo. Plaintiff was nonsuited, and his exceptions are ordered heard in the first instance by the appellate division. Exceptions overruled, motion for a new trial denied, and judgment ordered for defendant.

When the plaintiff first rested, the court intimated an intention to nonsuit the plaintiff, and to allow an exception to such ruling. Thereupon the plaintiff asked leave to submit further evidence, and was permitted to do so. Thereupon the plaintiff's counsel renewed his motion for a nonsuit, which was granted, but no exception was taken. The action is to recover for the alleged negligence of the defendant.

Argued before HARDIN, P. J., and ADAMS, McLENNAN, SPRING, and NASH, JJ.

Charles Oishei, for the motion.
Henry W. Killeen, opposed.

HARDIN, P. J.   1. Although the plaintiff did not take, in form, an exception at the time the motion for ⁻ nonsuit was actually granted, he is entitled to have this court treat the case as though an exception had been taken, as the exceptions were ordered here. Woolsey v. Lasher, 35 App. Div. 108, 54 N. Y. Supp. 737.
　2. At the time the plaintiff received the injuries complained of, he was a teamster in the employ of Bristow, a contractor who was engaged in hauling garbage for the city, under a contract, to a dis-

tant place in the city, where it was cremated. The contractor owned the teams and employed the teamsters to carry on the business of his contract. The plaintiff was therefore a servant of the contractor, and not of the city. The relation of master and servant did not exist between the plaintiff and the city at the time he received the injuries of which he complains. Wyllie v. Palmer, 137 N. Y. 248, 33 N. E. 381.

The wagon which was carrying the tank belonged to the city. It is alleged that the footboard, which was constructed for the purpose of resting the feet of the teamster, was split, and, when it was subjected to the unusual strain placed upon it by the plaintiff, it gave way by reason of the split, and the plaintiff lost his balance, fell to the ground, and received the injuries from the wagon passing over his leg. The footboard was not constructed for the purpose which the exigencies of the case subjected it to at the time the plaintiff received his injuries. When the plaintiff discovered that there was something loose about the forepart of the wagon, he got down off the footboard onto the pole, and while he was adjusting a strap which was loose (which was not connected with the footboard) his horses started, and he held the lines in one hand, and grasped the footboard with the other, and by the strain put upon the footboard by his weight, and the unusual strain so placed upon it, the footboard gave way, and let him down onto the ground, and he received the injuries to his leg. · Even if it be assumed that the wagon belonged to the city, and the city was under an obligation to keep the wagon in a reasonably safe condition for the use for which it was designed, there is no evidence in the case that it was designed for the purpose of furnishing support to the plaintiff, placed in the situation in which he was at the time he caused it to break, and therefore no liability can be asserted against the city by such assumption. Wright v. Railroad Co., 25 N. Y. 562, 565; Hickey v. Taaffe, 105 N. Y. 26, 34, 12 N. E. 286.

In the case of Felch v. Allen, 98 Mass. 572, it was said:

"The evidence reported does not show that the cause of the plaintiff's injury was anything which the defendants, or either of them, had provided to be used by him in the manner in which he used it, or which they knew, or had any reason to suppose, he would use in that manner. But if the servants undertook to use machinery or instruments for purposes for which they were not designed, and for which the employer had no reason to suppose they would be used, it is their own fault or folly if harm comes from it."

The same principle was laid down in Finnell v. Railroad Co., 129 N. Y. 669, 29 N. E. 825.

The plaintiff, according to his own testimony, placed himself in a position of peril, and, while he was making resolute efforts to escape from such position, he submitted the footboard to an unusual and extraordinary strain, causing it to break at the point where it had been cracked. As soon as the horses started, the plaintiff seized the lines in one hand, and the footboard with the other, and, while so endeavoring to hold himself on, it turned out that his own weight, and the strain put upon this piece of board, together with

the amount of force he was exerting to pull up his team, were too much for the footboard. The plaintiff himself testified:

"I think I have got as good a grip as anybody in this town. I am good and strong, and had a good grip. I put a good deal of force in that grip, and exerted a good deal of strength on that footboard, in order to hold myself."

It is therefore quite clear that the plaintiff subjected the footboard to an unusual and extraordinary strain, in the manner in which he used the same.

3. There is no evidence that satisfactorily establishes that the plaintiff was free from contributory negligence at the time he received the injuries for which he seeks to make the city liable. We think that no error was committed by the learned trial judge in directing a nonsuit.

Plaintiff's exceptions overruled, and motion for a new trial denied, with costs, and judgment ordered for the defendant, with costs. All concur.