ANNA TROW v. VILLAGE OF WHITE BEAR.

December 20, 1899.

Nos. 11,822—(147).

**Excessive Damages—New Trial.**

Where excessive damages are awarded by a jury acting under the influence of passion and prejudice, the defendant is not entitled in every case to a new trial as a matter of right; but the trial court may, in the exercise of its discretion, if the degree of passion and prejudice be not such as to make it clear that the jury was influenced thereby as to other questions in the case, correct the error of the jury by a reduction of the damages to an amount deemed reasonable.

**Reduction of Verdict.**

Order of the trial court reducing the damages in this case *held* not erroneous.

**Evidence.**

Evidence considered, and *held* to sustain the verdict.

Appeal by defendant from a judgment of the district court for Ramsey county in favor of plaintiff for $848.43, after a trial before Kelly, J., and a jury. Affirmed.

*C. D. & Thos. D. O'Brien,* for appellant.

*Jno. V. I. Dodd,* for respondent.

BROWN, J.

This action is one to recover damages for injuries to plaintiff's person, caused, as is alleged in the complaint, by a defective sidewalk located within the corporation limits of defendant village. A verdict was returned in the court below in plaintiff's favor for the sum of $1,400. The defendant moved that court for a new trial on the grounds: (1) Excessive damages, appearing to have been given under the influence of passion and prejudice; and (2) that the verdict is not justified by the evidence, and is contrary to law. The court made an order granting the motion unless plaintiff should consent to remit from the verdict all in excess of $800, but denying it in case she should so remit. Plaintiff filed a proper remittitur, judgment was thereupon entered in her favor for $800 and costs, and defendant appeals.

1. The first question presented by appellant is whether a new trial should not be granted, as a matter of right, when it is determined by the trial court that excessive damages have been awarded by a jury under the influence of passion and prejudice.

The position of appellant's counsel is that, where it is determined by the trial court that excessive damages have been so awarded by a jury, a new trial should be granted, and the error of the jury cannot be corrected by a reduction of the verdict. Taken from a statutory point of view, there is, in the opinion of the writer, much logic and good sense in counsel's position. Our statutes provide for granting a new trial in cases where excessive damages have been awarded by a jury acting under the influence of passion and prejudice, and contain no exception or saving clause under which the trial court may correct the erroneous conduct of the jury by reducing the verdict. A strict following of the statutes would therefore require a new trial whenever such a verdict is returned. But the practice of correcting the error of the jury by reducing the damages to what the trial court deems reasonable and fair, not only in cases where it is found that the jury was actuated by motives other than passion and prejudice, but in cases where there was no other apparent cause, is too firmly rooted in this state to be now departed from.

Of course, in cases where there is such a degree of passion and

78 M.—28

prejudice as to make it clear to the court that it permeated the entire case, and influenced the jury upon questions other than damages, such misconduct on the part of the jury (for it amounts to misconduct) will not be overlooked, or any attempt made to correct it by a reduction of damages. In such cases an unconditional new trial will always be granted. But in cases where the trial court, in the exercise of a sound discretion, determines that the passion and prejudice did not influence the jury as to other questions in the case, and that the verdict is right, except that it is excessive, the error of the jury may be corrected by a reduction of the amount of the verdict to such sum as the court deems proper. We are not able to say, from the record before us, that the trial court erred in reducing the verdict in this case, and must sustain the order.

2. We have examined the evidence with care and patience, and conclude that the verdict, as to the other questions, approved as it has been by the trial court, cannot be disturbed.

Judgment affirmed.