The order confirming sale is therefore affirmed.

---

ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY

*v.* ADAMS.

Opinion delivered February 25, 1905.

1. EVIDENCE—PERSONAL INJURIES—SIZE OF FAMILY.—In an action for personal injuries, evidence as to the size of plaintiff's family is incompetent, as it does not tend to show his earning capacity, but rather the amount of his expenses; and it is prejudicial, as calculated to arouse the sympathies of the jury. (Page 328.)

2.  Remittitur—excessive damages.—Where plaintiff's right to recover
either on contract or in tort is clear, and has been established by the
verdict of a jury, and where the errors committed in the trial do not
affect the question whether defendant is liable or not, but go only to
the enhancement of the amount of the verdict, so that the court is
not able to say that the verdict is not excessive, the court may, in
its discretion, name a sum which is clearly not excessive, and allow
the plaintiff, if he chooses, to remit the residue.  (Page 329.)

Appeal from Lonoke Circuit Court.

George M. Chapline, Judge.

Reversed.

*Dodge & Johnson,* for appellant.

The plaintiff failed to look and listen, and was guilty of
contributory negligence.   65 Ark. 235; 54 Ark. 431; 56 Ark.
439; 62 Ark. 158; Elliott, Railroads, § 1166; 61 Ark. 217; 30
Oh. St. 627; Beach, Con. Neg. § 449; Thomp. Neg. 426, 1237;
29 Fed. 489; Shearman & R. Neg. § 56; 57 Fed. 921.; 48 Ark.
106; 7 Vroom, 531; 95 U. S. 697; 61 Ark. 620; 62 Ark. 238,
253; 64 Ark. 332, 364; 65 Ark. 429.   The proof fails to establish
negligence on the part of the appellant, and it was error to admit
testimony as to an alleged habit of negligence.   1 Greenleaf,
Ev. § 13; 91 U. S. 454; 121 Mo. 340; 142 Mo. 645; 52 Fed.
711; 144 U. S. 207; 48 N. W. 779; 73 N. Y. 468; 150 Mass.
386.   The court erred in permitting plaintiff to testify as to the
size of the family he had to support.   40 N. W. 657; 102 U. S.
451; 65.Ill. 160; 74 Ill. 343.   The admission of the Carlisle
tables in evidence was error.'   3 Elliott, Railroads, § 1378; 36
Ill. App. 564; 84 Ga. 37.   The instructions Nos. 5, 6 and 7 did
not state the law.   46 Ark: 513; 54 Ark. 431; 65 Ark. 260.

*T. J. Oliphint,* for appellee.

The instructions are in the language of the statute and
correct.   53 Ark. 201; Sand. & H. Dig. § § 6196, 6207; 63 Ark.
177; 64 Ark. 216; 66 Ark. 46; 62 Ark. 182; 57 Ark. 192.

Battle, J.  T. R. Adams brought this action against the St.
Louis, Iron Mountain & Southern Railway Company to recover
damages caused by the negligence of the defendant.  He alleged
in his complaint that on the 7th day of March, 1900, he was
traveling from his home toward Little Rock in a wagon drawn
by two mules and loaded with country produce; that it was dark,
about eight or nine o'clock, when he approached the crossing

of the public road by the defendant's railway; that when near the track he stopped, and looked, and listened, and, seeing no approaching train, moved on the crossing, and when his wagon was upon the track, a train of the defendant's, consisting of an engine and box car, the latter being in front of the engine with no light or signal on the same, suddenly came upon him, and struck his wagon, knocked it off the track, overturned it, and threw him on the ground, bruising and greatly injuring him.

The defendant answered, and denied all the allegations in the complaint, and alleged that plaintiff's injuries were caused by his own contributory negligence.

The plaintiff recovered a judgment for $2,000, and the defendant appealed.

The evidence adduced at the trial showed that the appellee, traveling in a wagon drawn by mules, in the nighttime, about eight or nine o'clock, drove his wagon upon appellant's railway, where it crosses the public road, upon which he was traveling, and that a train of the appellant, consisting of an engine and three or four box cars, the latter in front of the former, the engine pushing the cars, struck the wagon, overturned it, and injured the appellee. The evidence tended to show that no signals of the approach of the train were given at the time of this collision, and that no lookout for persons or animals in front of the same was kept, and no lights on the foremost car were exhibited; and that the injury received impaired his. earning capacity.

In the course of this trial appellee asked this question: "How much family have you had to support?" to which appellant objected; its objection was overruled; and it excepted. He, appellee, being the witness, answered: "From ten to twelve. I have had twelve children." He was further asked: "How much help did you have from those children in making crops?" He answered, "I haven't had a great deal until this year. I have a boy 16 years old, and this boy I have here—they are all the boys I have big enough." The question and answer as to size of his family and the number of his children were inadmissible and prejudicial. This evidence did not tend to show an increase of his earning capacity, but of his expenses. As to this evidence, we say, as the court said of similar evidence in *Pennsylvania Company* v. *Roy*, 102 U. S. 451, 460: "The manifest object of

its introduction was to inform the jury that the plaintiff had infant children dependent upon him for support, and, consequently, that his injuries involved the comfort of his family. This proof, in connection with the impairment of his ability to earn money, was well calculated to arouse the sympathies of the jury, and to enhance the damages beyond the amount which the law permitted; that is, beyond what was, under all the circumstances, a fair and just compensation to the person suing for the injuries received by him. How far the assessment of damages was controlled by this evidence as to the plaintiff's family it is impossible to determine with absolute certainty; but the reasonable presumption is that it had some influence upon the verdict." And we add, whatever may have been the object of its introduction, the effect was the same, and prejudicial. See also *Kreuziger* v. *Chicago & N. W. Ry. Co.* (Wis.), 40 N. W. Rep. 657, 659, and cases cited.

As the judgment will be reversed, we make no comment upon the sufficiency of the evidence. The opinion heretofore delivered in this case is hereby withdrawn.

Reversed and remanded for a new trial.

ON MOTION OF PLAINTIFF TO BE ALLOWED TO ENTER A REMITTITUR.

## Opinion delivered March 18, 1905.

RIDDICK, J. We have heretofore decided that the judgment of the circuit court in this case should be reversed, and a new trial ordered, on account of error in the admission of evidence which, to quote from the opinion delivered, was "calculated to arouse the sympathies of the jury, and to enhance the damages beyond the amount which the law permitted." The court was of the opinion that the evidence was sufficient to warrant a verdict against the defendant, and that the error committed did not affect the finding of the jury on the question of whether the defendant was liable for the injury suffered by plaintiff, but that it probably enhanced the damages found by the jury.

The counsel for plaintiff now asks leave to be allowed to enter a remittitur for such sum as will relieve the judgment of any excess in the way of damages and remove the effects of the error in the admission of improper testimony. The first

question presented is whether a judgment for any amount can be permitted to stand in a case of this kind where there has been improper evidence admitted. The tendency of the late decisions, says Mr. Sutherland in his work on Damages, "is in the direction of unqualified support for the practice which allows the appellate and trial court, in cases in which excessive damages have been awarded and in which the plaintiff is entitled to substantial damages, to indicate the excess and give him the option to remit or take judgment for the residue, or to be awarded a new trial." Sutherland on Damages (3d Ed.), § 460.

A question of remittitur was considered by this court in a recent case, where it was said that the "theory upon which a remittitur is allowed is that the appellant has no just complaint, save that the damages are excessive, and that, inasmuch as the appellate court can say that the given verdict is excessive, it can designate an amount that will not be, and give the successful party the option to remit the excess or submit to a new trial." But in that case the court held that the remittitur could not be allowed, because the error complained of might, in the opinion of the majority of the judges, have affected the verdict on the question of whether the defendant was liable for damages or not. *St. Louis, I. M. & S. Ry. Co.* v. *Waren,* 65 Ark. 628.

The court in that opinion was discussing a case in which the damages were held to be excessive; but a remittitur may be permitted not only to cure the excess in a verdict which is plainly excessive, but also to cure any possible effect of evidence improperly admitted, the effect of which may have been to unduly enhance the amount of the damages. For, to quote the language of a late decision of the Supreme Court of Wisconsin, "there is no good reason to restrict the practice so as to exclude any case, whether on contract or sounding in tort, where the plaintiff is clearly entitled to recover, and a sum can be named which, in all reasonable probability, will not exceed the amount which a jury will ultimately give him." *Baxter* v. *Chicago & N. W. Ry. Co.,* 10 Wis. 307.

Where the right to recover is clear, and has been established by the verdict of a jury, and where the errors committed in the trial go only to the enhancement of the amount of the verdict, and do not affect the question of whether defendant is liable or

not, then, if the verdict be excessive, or if, on account of improper evidence, or improper argument of counsel tending to enhance the amount of damages allowed, the court is not able to say from the evidence that the verdict is not excessive, and that the defendant was not prejudiced, in respect to the amount of the damages assessed, by such improper evidence or argument, the court may, in its discretion, name a sum which is clearly not excessive, and as a matter of grace to the plaintiff allow him to accept judgment for that amount, instead of a new trial. *St. Louis, I. M. & S. Ry. Co.* v. *Waren,* 65 Ark. 628; *Little Rock & Ft. S. Ry. Co.* v. *Barker,* 39 Ark. 491; *Baxter* v. *Chicago & N. W. Ry. Co.,* 104 Wis. 307; *McCarthy* v. *Whitcomb,* 110 Wis. 113; *Hocks* v. *Sprangers,* 113 Wis. 123; *Rueping* v. *Chicago & N. W. Ry. Co.,* 116 Wis. 625; *Telegraph Co.* v. *Frith,* 105 Tenn. 167; *Trow* v. *Village of White Bear,* 78 Minn. 432; *Wimber* v. *I. C. Ry. Co.,* 114 Iowa, 557; *Ribich* v. *Lake S. S. Co.* 123 Mich 401; *Belt* v. *Lawes,* 12 Q. B. Div. 356; 2 Sutherland on Damages (3d Ed.), § 460; 13 Cyc. 134.

In doing this the court does not invade the province of the jury, for the court is not undertaking to state the exact amount of pecuniary loss which plaintiff has suffered, but is only naming an amount which, under the evidence, the court can see is clearly not excessive. As the matter of permitting a remittitur to be entered, and allowing the judgment to stand for the remainder, is largely a matter of discretion, the court will be less inclined to grant this privilege where the errors at the trial have been gross, or where improper conduct on the part of plaintiff or his counsel has been such as to excite the prejudices of the jury; and it will be more inclined to grant it in cases where there has been a fair and impartial trial, but where, on account of mere error in the finding of the jury, the damages allowed are greater than the evidence justifies. As the error pointed out in this case was not a very culpable one, or one that involves any reflection on plaintiff or his counsel, and as, in the opinion of the majority of the judges, the only just ground for objection to the judgment rendered is that, on account of the improper evidence admitted, it may be, and probably is, larger than would otherwise have been rendered, and to that extent excessive, we are of the opinion that it is within our discretion to permit a remittitur to be entered, and to allow the judgment for the remainder to stand.

But, before naming the amount that we think should be remitted, we will call attention to the principles by which it seems to us that the court should be guided in ascertaining the amount to be remitted. · In the case of *Railway* v. *Hall,* 53 Ark. 7, where the trial court erroneously instructed the jury that they might allow exemplary damages, the learned judge, who delivered the opinion of the court refusing to permit a remittitur, called attention to the various elements that went to make up the damages in a case of tort for personal injury, such as loss of time, pain and suffering, etc., and said: "The difficulties which beset a court in determining the justness or excessiveness of a verdict based on these premises alone would not be inconsiderable. But superadd the element of punitive damages erroneously allowed, and the process by which the court is to dissect the verdict, eliminate the error, eliminate the excess of compensation, and settle upon the exact sum which plaintiff's case entitles him to have 'passeth all understanding.'"

Now, while we do not wish to make any criticism of the decision in that case, still it does not seem to us entirely correct to say, as the judge there intimates, that the court, in naming a sum which the plaintiff may elect to take if he prefers it to a new trial, is aiming to state the exact sum which plaintiff is entitled to recover. In actions for breaches of contracts, and sometimes in other cases, it may happen that the exact amount of the excess in an excessive judgment can be ascertained from the evidence, and in these cases the court will determine the exact amount due, and will permit the judgment to stand for that amount, whatever it may be, if plaintiff will remit the excess. But in actions to recover for damages for personal injuries, where the amount of the damages are not susceptible of being ascertained exactly, it would be well-nigh impossible for the court to name exactly the amount which plaintiff is entitled to recover. To undertake to do so would be to assume the functions of a jury, and the result might be very unjust to the defendant, who would be bound by the result, while the plaintiff could accept or reject the amount named as it suited him to do, for a court has no right to reduce a verdict of a jury and render judgment for the reduced amount unless the prevailing party consent to the reduction. *Kennon* v. *Gilmer,* 131 U. S. 22; 18 Enc. Plead. & Prac. 123.

Looking at the matter from that standpoint, some courts hold that it is an invasion of the constitutional rights of the defendant to permit a remittitur and affirm the judgment for the remainder in actions for torts; and if the purpose of the courts were to settle the exact rights of the parties under the evidence, it would be difficult to dispute the correctness of such decisions. But the court in such cases does not undertake to state the exact sum that plaintiff is entitled to recover, and makes no pretense of doing so. What the court undertakes to do is simply to name an amount so low that there can be no reasonable ground to believe that a jury of average judgment, after considering the evidence, would, when properly instructed as to the law, allow plaintiff a less sum than that named, and which amount the court can clearly see is not excessive. *Rueping* v. *Chicago & N. W. Ry. Co.* 116 Wis. 625.

The court must be certain not to put the amount too high; for, as before stated, the defendant has no option in the matter, and must submit to the judgment allowed by the court, while the plaintiff has the right to reject the offer if he chooses to do so. There is, then, little danger in putting the amount low, and the court should always go down to a sum which it can feel certain that the defendant should pay, and which under the evidence the plaintiff is clearly entitled to recover. If it should be less than the plaintiff is entitled to under the evidence, the defendant is not injured; for, if the plaintiff accepts it, defendant then gets off with less than he was liable to pay. On the other hand, as plaintiff is not compelled to accept the amount offered, he has no ground for complaint that the court, instead of reversing the case outright on account of an error for which he is partly to blame, and forcing him to undergo a new trial, gives him the privilege of taking the sum named, and by doing so of getting some substantial compensation without the trouble and expense of further litigation.

The amount recovered in this case was $2,000. The error in admitting evidence in reference to the size of the plaintiff's family, which consisted of eleven children, was, as we stated in the opinion, calculated to arouse the sympathies of the jury, and to enhance the amount of the verdict to some extent, though we do not think that it had any great effect on the verdict. But,

as this improper evidence was brought before the jury by plaintiff over the objection of counsel for defendant, if the judgment is affirmed, it must be after such a substantial reduction as will clearly eliminate the effect of this evidence. Bearing this in mind and guided by the rules above announced, a majority of us are of the opinion that a remittitur of $750 will cure any possible prejudice caused by the admission of the evidence referred to. In naming $1,250 as the amount for which plaintiff may have judgment, we do not undertake to say that it represents the exact amount or all the damages to which plaintiff is entitled. We name it as the sum for which, under the circumstances, we are willing that a judgment should stand, for the reason that we are fully convinced that such sum is not excessive, and that defendant will be in no respect prejudiced by a judgment for that amount. If plaintiff shall within one week enter a remittitur of the sum named, to take effect as of the date of the original judgment, the judgment may stand as to the balance; otherwise, the case will be remanded for a new trial.

Wood, J., concurs.

McCulloch, J., (concurring.) I agree that it was improper to permit appellee to testify concerning the number and ages of his children, but in the nature of the case it was only calculated to create in the minds of the jury a sympathy so as to cause them to augment the amount of the verdict for damages. The testimony in the record is abundant, in my opinion, to support the verdict, and we cannot say that the amount of damages allowed by the jury is excessive; therefore no prejudice resulted to appellant from the introduction of the improper testimony, and I think the judgment should be affirmed. But, inasmuch as a majority of the court are against an affirmance of the case, and as my concurrence in a decision affirming the judgment only upon the entry of a remittance of $750 by appellee will constitute a majority of the court, favoring that decision, I concur for that reason.

Hill, C. J., (dissenting.) The motion to be permitted to enter a remittitur and take an affirmance for an amount which the court will not regard as excessive has called for a careful investigation of the evidence touching the extent of the injuries

to Mr. Adams.  I have come to the conclusion that the court erred in reversing the case, and think that it should be affirmed, notwithstanding the erroneous testimony, because that testimony has not been prejudicial.  I favor rectifying the error by affirming the case, but I am not willing to cause a remittitur to be entered and affirm for a reduced amount; and, differing with my associates on this question, I shall briefly state my reasons therefor.  If the testimony of Mr. Adams and his witnesses is true, the verdict is not excessive, but moderate.  This testimony comes accredited by the jury, and, if we accept it, there is no excessive award.  In the case of *Penn. Ry. Co.* v. *Roy,* 102 U. S. 451, which we followed, evidence just like the objectionable evidence in this case was held to be inadmissible because its tendency was to arouse the sympathy of the jury, thereby tending to enhance the award of damages.  If the award is not excessive, then the error has failed to enhance the damages, and has worked no prejudice.  A remittitur is only allowed when the damages are excessive, and that excess can be cured by extracting an amount which will leave the verdict responsive to the evidence.  It is impossible in this case to say that the jury gave any given sum for his pain and suffering, loss of health and loss from his business, and then gave an added sum because he had eleven children dependent on him for support.  Although the appellee prefers a reduced judgment to the hazard of another trial, I am not willing to establish a precedent which requires this court to delve into so uncertain a realm of conjecture.  I can see no half-way ground in such case.  Either the error aroused the sympathy of the jury and caused it to render a larger verdict than it otherwise would have done, or the verdict is responsive to the legal evidence alone.  There is not a certain and definite sum traceable into the verdict which may be extracted and leave a legal verdict, but it is one of those intangible effects which cannot be weighed in coin.  Therefore I think the case should either be affirmed, or sent back to another jury to assess the damages free of this erroneous evidence.

BATTLE, J., dissents on the ground that the evidence fails to show that the plaintiff was entitled to recover.