Commonwealth *v*. Reilly, Appellant.

Argued October 6, 1936.

Before KELLER, P. J. CUN-
NINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and
RHODES, JJ.

*William A. Gray,* with him *Francis T. Anderson,* for
appellant.

*Franklin E. Barr,* Assistant District Attorney, with
him *Charles F. Kelley,* District Attorney, for appellee.

OPINION BY RHODES, J., January 29, 1937:
This appellant was indicted and tried on 61 bills of

indictment; 59 of which charged him with fraudulently uttering and publishing certain forged mortgages and bonds accompanying the same; another charged him with forging a certain check drawn to the order of one Joseph Roche; and the last charged him with fraudulent conversion of the funds of the estate of George R. Schanz, a presumed decedent, of which estate he was administrator. Appellant was convicted on 52 of the bills charging fraudulently uttering and publishing forged bonds and mortgages, and also on the bill charging fraudulent conversion. He was acquitted on the bill charging forgery. Appellant was refused a new trial, and was placed on probation for 5 years on each of 2 bills of indictment, the sentences to run concurrently. On the remaining bills sentence was suspended. Twenty-three assignments of error have been presented. One of these complains of the refusal of the court below to grant separate trials for each of the three groups of offenses charged; eleven relate to the refusal of the trial court to permit the cross-examination of a commonwealth witness, Margaret Reilly, with respect to the circumstances under which she signed the names of other persons to numerous bonds and mortgages, with the fraudulent uttering and publishing of which appellant was charged; seven are to the refusal of the trial court to permit appellant to show what part his employers had played in connection with the charges against him, and that he himself had been defrauded by them; the four remaining are to the refusal of the trial court to permit the appellant to show by the records of the Orphans' Court of Philadelphia County in the matter of the Schanz estate that it had absolved him of blame for his alleged maladministration of that estate.

Appellant is thirty-five years of age, and entered the law offices of Peter and Patrick Conway, his mother's brothers, as a clerk, in 1919, and remained with them

until January, 1931. He became director of five build-
ing and loan associations which were conducted from
the Conway offices. He was also treasurer or secretary
of two of them. The forged bonds and mortgages were
given to these associations. He signed checks of two
of the associations, which were given in payment of
some of the forged mortgages. In 1922 appellant be-
came a notary public, and so continued until 1931. As
such he placed his notarial certificate and seal on the
forged mortgages, without seeing or requesting to see
the supposed signers. His name also appears as a wit-
ness to the forged signatures. He altered the guaran-
teed searches issued by title insurance companies to
show that prior mortgages were satisfied or paid,
which searches were then placed in the files of the
associations in connection with such mortgages. Ap-
pellant admitted the misapplication of the funds of the
Schanz estate. These transactions which were the sub-
ject of the indictments extended over a number of years.

Appellant's defense was that he was the innocent vic-
tim of the Conways; that he had acted without any
criminal intent; that he had no knowledge of the fraud-
ulent schemes of the Conways; that he had no know-
ledge that the bonds and mortgages in question had
been forged; that he acted under instructions from his
uncles, the Conways, as to all of the mortgage trans-
actions, and as to the disbursement of the funds of the
Schanz estate; that he received a salary of $40 per week,
and did not benefit otherwise financially from his fraud-
ulent acts.

The trial court refused appellant's request for sepa-
rate trials on the respective indictments; and we think
properly so. We cannot find, after a careful examina-
tion of the record, that appellant was prejudiced by
having all the indictments tried by the same jury. All
the offenses charged grew out of appellant's conduct
as a clerk in the Conway office; and he alone was on

trial. Under these circumstances, it was not necessary that the entire evidence produced by the Commonwealth be equally admissible under every bill of indictment. See *Commonwealth v. Cauffiel*, 97 Pa. Superior Ct. 202, 207, 208. The indictments charged the appellant with misdemeanors, and whether they should have been tried together was, in the first instance, to be determined by the court below in the exercise of its sound discretion; and we would not be warranted in holding the determination of the court below to be erroneous, unless an abuse of that discretion was made clearly manifest. *Commonwealth v. Wheeler*, 75 Pa. Superior Ct. 84. There was no such abuse of discretion; the indictments were properly tried together.

Appellant had been connected with the law offices of the Conways for twelve years. During that time he studied law and took the bar examinations. He participated in the various transactions of the office, and conducted much of the business of the building and loan associations with which he was associated in that office. He signed the checks of some of these associations in payment of the forged mortgages; he likewise signed the checks as administrator of the Schanz estate, the funds of which were in his exclusive control. All these disbursements made by him went into the Conways' bank account. Appellant could not have been ignorant of the frauds which were being perpetrated, or of the identity of the recipients of the disbursements which were made by him from the building and loan associations and from the Schanz estate. The jury could conclude that he had this knowledge, and that his course of conduct was not that of an innocent individual. The evidence leaves no doubt that appellant knew the nature and fraudulent purpose of his acts, and the jury was warranted in finding fraudulent intent in all of the transactions for which he was indicted, tried, and con-

victed. See *Commonwealth v. Levi,* 44 Pa. Superior Ct. 253, 264.

Each of such acts was plainly a part of a general course of conduct pursued by him in the perpetration of the various frauds. It is therefore apparent that such cases as *Commonwealth v. Schmidheiser et al.,* 111 Pa. Superior Ct. 283, 169 A. 572, and *Commonwealth v. Dauphinee et al.,* 121 Pa. Superior Ct. 565, 183 A. 807, are not controlling. In those cases two or more persons were jointly tried, and evidence was submitted in connection with one defendant which had no bearing upon the guilt of another.

Commonwealth called, as a witness, Margaret Reilly, who had for a number of years been employed in the Conway offices, the same as her brother, the appellant. A number of witnesses had testified for the Commonwealth that they had never signed, or authorized anyone to sign on their behalf, the various bonds and mortgages, whose acknowledgments appellant had purported to certify. Miss Reilly testified, on direct examination, that she had signed the names of some of these individuals without their authority or knowledge. Appellant's counsel, on cross-examination, sought to examine her as to what instructions she had received from the Conways; the trial judge limited the cross-examination to the scope of the direct examination. Appellant argues that this is reversible error, and that he was entitled to show, on cross-examination, the whole transaction in its entirety, without regard to any question of relevancy. She did testify, however, that her uncle, one of the Conways, told her that she "didn't have to have" authority to sign. The signatures forged to the various bonds and mortgages by this witness were no less forgeries, although affixed by her at the request and under the direction of the Conways. Appellant was not prejudiced by the limitation of the cross-examination as to her authority, if any, from the parties whose names she

signed. Cross-examination may embrace any matter which is germane to the direct examination, or which qualifies or destroys it, or tends to develop facts which have been improperly suppressed or ignored. *Conley et al. v. Mervis,* 324 Pa. 577, 188 A. 350. That the witness may have been requested by another to commit forgery was not germane to the direct examination. It could not qualify or destroy her direct testimony to the effect that she had no authority or direction from the parties whose names she forged; nor did it tend to develop facts which had been improperly suppressed or ignored; nor were the proposed questions addressed to the witness in an endeavor to test her credibility. The extent of cross-examination is largely a matter within the control and discretion of the trial judge, and unless there has been an abuse of that discretion to the prejudice of a defendant, a new trial will not be granted by an appellate court. See *Commonwealth v. Berman,* 119 Pa. Superior Ct. 315, 334, 181 A. 244, 251. The appellant was not prejudiced by the rulings of the trial judge, and limitation of the cross-examination of Commonwealth's witnesses so as to exclude interrogations concerning the plans, methods, and instructions of the Conways is not reversible error.

Appellant's contention that he was entitled to prove that he and his relatives had been defrauded by the Conways is without merit. The criminal acts of the Conways were not relevant and were no justification for the criminal acts of the appellant, regardless of who was the victim of their fraudulent schemes. The Conways were not on trial, and their crimes afforded no defense for the appellant. His acts were no less criminal although done at their request and solicitation. As a matter of fact, appellant in his own behalf testified fully as to his connection with the Conways, his instructions from them, and his participation in their transactions;

and he was not deprived of presenting all relevant and material phases of his defense.

There remains for consideration the relevancy of the proceedings in the Orphans' Court of Philadelphia County relating to the administration of the Schanz estate by the appellant. Appellant's attempts to establish the fact that that court had found him not culpable in the administration of the estate were properly rejected. The orphans' court could not find appellant guilty or not guilty of conversion or embezzlement. *Commonwealth v. Levi*, supra, 44 Pa. Superior Ct. 253, 260. Moreover, the most the record offered in evidence would have shown, as we understand from appellant's offer, was that he had been discharged from custody by that court after attachment.

The record before us discloses no reversible error.

Judgment is affirmed, and the record is remitted to the court below in order that the sentence may be fully executed.