Commonwealth ex rel. Geiger *v.* Geiger, Appellant.

Submitted March 20, 1950. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Harold W. Helfrich* and *Donald L. LaBarre,* for appellant, submitted a brief.

*D. M. Garrahan,* for appellee, submitted a brief.

PER CURIAM, July 20, 1950:

This is a proceeding on the wife's petition for an order on her husband for support. The husband appeals from the order of the Court of Quarter Sessions of Lehigh County requiring him to pay $5 a week for the support of his wife.

The parties were married on August 28, 1943. They lived together from time to time until December 20, 1944, when relatrix finally left defendant's home. Defendant had previously been married and at the time of his second marriage he was a widower with five children, ranging in age from eight to twenty years. They lived on defendant's farm with relatrix and defendant.

We have said that a judge who sees and hears the witnesses in a case such as this is in a better position than we are to decide the issue on its merits, and that our function on appeal is merely to determine whether the lower court is chargeable with an abuse of discretion. *Com. ex rel. Pinkenson v. Pinkenson,* 162 Pa. Superior Ct. 227, 228, 57 A. 2d 720. A voluntary withdrawal of

a wife from her husband without adequate legal reason defeats her right to support (*Com. v. Bachman*, 108 Pa. Superior Ct. 422, 164 A. 833) ; but if he obliged her to leave his home for any cause except one justifying a decree of divorce, the duty and the obligation to support remain upon him (*Com. ex rel. Kielar v. Kielar*, 160 Pa. Superior Ct. 435, 437, 51 A. 2d 514).

The marital life of the parties was apparently filled with discord. The testimony is confined to that of relatrix and defendant, and their testimony is not always consistent. The relatrix testified that conditions became so bad that she could not continue to live with defendant. We agree with the court below that there was foundation and justification for the complaint of relatrix that defendant was paying attention to other women. Certainly his conduct in this respect was not conducive to marital harmony. Defendant's own testimony relative to other women was such as to justify a wife's suspicion. Because of physical abuse relatrix had defendant arrested for assault and battery. Relatrix lost twenty-four pounds during the short period of their marital life. Relatrix also testified that defendant told her that he would lock her out if she attempted to return. The testimony of both parties in connection with this incident is contradictory.

We are of the opinion that the order of the court below is supported by the evidence, and that there has been no abuse of discretion.

Order is affirmed.