## Commonwealth *v.* Greene, Appellant.

316

Argued March 17, 1953.   Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, GUNTHER and WRIGHT, JJ.

*D. J. Boyle* and *John T. Pfeiffer, III,* for appellant.

*C. J. Friedberg,* Assistant District Attorney, with him *R. M. Harris,* District Attorney, for appellee.

OPINION BY HIRT, J., July 14, 1953:

In this proceeding under §733 of the Act of June 24, 1939, P. L. 872, 18 PS §4733, the lower court, after full hearing, ordered the defendant to pay $100 per month for the support of his wife Constance Greene. There is no merit in defendant's contention, at the threshhold of this appeal, that the court erred in refusing to dismiss the proceeding for the reason advanced that the information "fails to charge either directly or substantially a desertion or neglect to maintain" in accord with the provisions of §733 of the statute. The technical accuracy necessary to an indictment is not required in an information. *Commonwealth v. Beloff*, 166 Pa. Superior Ct. 286, 70 A. 2d 689. The information charged that the defendant "did wilfully and unlawfully fail to properly support his wife". It is not essential that the information be couched in the precise language of the statute, if the words used have substantially the same meaning. *Commonwealth v. Friedlander*, 53 Pa. Superior Ct. 221. *Failure to properly support,* as charged, is the precise equivalent of *neglecting to maintain* within the contemplation of §733 of the Act. Cf. *Commonwealth v. George,* 358 Pa. 118, 123, 56 A. 2d 228, where similar terms are used interchangeably. Contrary to appellant's contention, no one could have been misled to conclude that the information intended to charge the defendant with the indictable misdemeanor defined in §731 of the Act, 18 PS §4731.

The parties were married on February 16, 1950, and thereafter up to the date of the hearing lived in the same house, which was one of six similar properties in Mahanoy City owned by the defendant. Two daughters of the prosecutrix by a former marriage lived there with them. For some months following their marriage the defendant turned over a part of his wages to his

wife but never more than barely enough to pay the cost of food. He discontinued the practice in 1951 however and then allowed his wife to buy food on credit at a small neighborhood store, which admittedly was inadequate to meet their needs. In June 11, 1952, defendant cut off his wife's credit at the store and thereafter refused to provide her with food thereby forcing her to look to the earnings of her older daughter for her living. The defendant throughout their short married life never provided more than food and shelter for his wife. Shortly after the marriage she became seriously ill and required hospital care. She paid the entire hospital bill of about $1,100 from her own funds which almost exhausted her financial resources. The parties still live under the same roof but the house apparently is divided into two separate living quarters. The prosecutrix occupies the part of the premises referred to by defendant as number 605 and he the rest of the house numbered 607 West Spruce Street.

On appeal from a support order under §733, supra, our function is no more than to determine whether the lower court is chargeable with an abuse of discretion. *Commonwealth v. Henderson,* 170 Pa. Superior Ct. 559, 87 A. 2d 797. The defendant clearly has neglected to maintain his wife, as contemplated by the above section of the Act. The court found that $100 per month was reasonable and proper for the comfortable support and maintenance of his wife and the evidence clearly establishes that defendant was of sufficient ability to pay that amount. The husband's income from a number of sources, including rentals from 5 other small dwelling houses in Mahanoy City, was found to be at least $360 per month. The finding of income in that amount is conservative in the light of the proofs.

The purpose of §733, as distinguished from §731 of the Code, which provides punishment for failure to support, was to secure a reasonable allowance for the support of the wife in accordance with the husband's property, income, earning capacity and the family's conditions in life. *Commonwealth v. Henderson,* supra. This defendant clearly was legally obliged to support his wife; the amount of the order, based on defendant's income, is not more than the law allows, and the court is not chargeable with an abuse of discretion on this record in awarding $100 per month to the wife for her maintenance. Cf. *Com. ex rel. Weible v. Weible,* 159 Pa. Superior Ct. 290, 48 A. 2d 161.

Order affirmed.