## Commonwealth v. Yost

*Daniel L. Quinlan, Jr.*, for Commonwealth.
*Harold H. Prince*, for defendant.

DANNEHOWER, P. J., October 6, 1958.—Plaintiff, between October 3, 1951, and April 3, 1958, paid old age assistance to Alice Yost, wife of defendant, in the amount of $3,148.10. In an effort to collect the funds advanced to defendant's wife, plaintiff, the Commonwealth of Pennsylvania, instituted an action for reimbursement under The Support Law of June 24, 1937, P. L. 2045, sec. 4, as amended, 62 PS §1974.

Defendant in his answer to the complaint, denies liability for these payments on the grounds that he was under no obligation to support his wife because she had deserted him without reasonable cause.

The parties stipulated that the case be tried by a judge without a jury.

A hearing was held, testimony was taken and briefs were filed by the Commonwealth and defendant. The matter is now pending for decision.

A fair summary of the testimony reveals that defendant and Alice Yost were married in 1903. Five children were born of the marriage. Defendant and his wife lived together as man and wife until 1944 or 1945. At that time he and his wife were living with his son-in-law. One day a family argument occurred and defendant went to his son's house and asked if he could stay there for a little while. A few days later his wife came over and said she was going to stay. However, in a day or so she left and never returned.

Defendant testified that his wife has never asked him for support, and he has always been ready, willing and able to support her.

Defendant is now 74 years of age and his only income is $62.50 per month he receives from Social Security. Defendant owns a six-room frame and stucco house which he and his son built.

The Commonwealth contends, inter alia, that evidence introduced at trial proved that defendant committed sufficient acts upon his wife to entitle her to a decree in divorce on the grounds of indignities or cruel and barbarous treatment. The Commonwealth further contends that whether or not the court finds as a fact that defendant's wife deserted him without reasonable cause, defendant is nevertheless liable for these support payments under the terms of the statute.

Defendant on the other hand contends that his wife deserted him without reasonable cause and he is therefore not liable for her support. His rationale is based on the theory that defendant should not be compelled to do indirectly what he could not be compelled to do directly, namely, support his wife.

In maintaining this action, the Commonwealth relies on The Support Law of June 24, 1937, P. L. 2045, as amended September 26, 1951, P. L. 1455, sec. 2, which provides in part:

"The real and personal property of any person shall be liable for the expenses of the support, maintenance, assistance and burial, and for the expenses of the support, maintenance, assistance and burial of the spouse and minor children of such property owner, incurred by any public body or public agency, if such property was owned during the time such expenses were incurred, or, if a right or cause of action existed during the time such expenses were incurred from which the ownership of such property resulted."

It is true as the Commonwealth points out, the statute does not specifically set forth any defense to this liability for support. However, statutory interpretation must follow sound reason and logic and where a statute is silent on a point in issue, the courts must attempt to determine the legislative intent.

The law is clear that when a wife leaves her husband, the burden is on her to establish such misconduct on the husband's part as gives her a ground for divorce and hence justifies her in departing. If she can sustain the burden of proof thus placed on her, she is entitled to support from her husband, notwithstanding the fact she left him; otherwise, she is not: Commonwealth ex rel. Kielar v. Kielar, 160 Pa. Superior Ct. 435 (1947); Commonwealth ex rel. Geiger v. Geiger, 167 Pa. Superior Ct. 26 (1950).

At the hearing defendant admitted taking a beer now and then and also admitted striking his wife on one occasion in 1928 or 1929. These admissions certainly do not establish grounds for divorce in view of the fact that defendant and his wife lived together in apparent harmony for 40 years as man and wife. The Commonwealth failed to establish sufficient cause for the wife's desertion of defendant.

Therefore, a decision in this case must rest on statutory interpretation. Since it is clear under the law that Alice Yost, in the absence of evidence justifying

her desertion of defendant, would be unable to compel defendant to support her in a nonsupport court, it seems unlikely that the legislature intended this right to support to be extended by statute, and render defendant liable for the support of a wife whom he had no legal obligation to support. It is not fair or reasonable to give such an interpretation to the statute.

### Order

And now, October 6, 1958, judgment is entered for defendant and the complaint is hereby dismissed, at plaintiff's cost.