# Commonwealth v. Brooks

*Desmond J. McTighe,* for petitioner.
*Perch P. Hankin,* for respondent.

FORREST J., February 23, 1960—At a hearing on August 20, 1959, the writer of this opinion ordered defendant, William Brooks, to pay $75 per week for the support of his wife, Harriet L. Brooks, and his two children, whose ages are seven and five years, although he had been paying not only all the taxes and utility company bills for their house, but also $50 weekly to his wife for the purchase of food for the family and for other household expenses. On August 24, 1959, defendant filed exceptions to the order, and the matter was ordered on the argument list. The matter was argued in December 1959. This case was instituted during April term, 1959, and the order was entered June term, 1959. Since then, there have followed the June, September and November terms. See local Q. S. Rule III(1). The prosecutrix, Harriet L. Brooks, con-

tends that the order imposed by the hearing judge was a final order which was reviewable by the Superior Court on appeal and not by this court en banc on exceptions.

This action was instituted under The Penal Code of June 24, 1939, P. L. 872, sec. 733, 18 PS §4733. The act provides, inter alia:

"The said court, after hearing in a summary proceeding, may order the person against whom complaint has been made . . . to pay such sum as said court shall think reasonable and proper . . ."

There is no statute or rule of court providing for a review of support orders by the court en banc on exceptions to the order imposed by the judge who heard the testimony. However, the Superior Court seems to have approved of the practice of allowing exceptions, at least the court did not disapprove of it: Commonwealth v. Henderson, 170 Pa. Superior Ct. 559. Commonwealth v. Yoh, Court of Quarter Sessions of Montgomery County, no. 420, June term 1953, opinion by Knight, P. J., dated January 20, 1954. Accordingly, in the Yoh case the court overruled a motion to strike off exceptions. We shall follow our decision in the Yoh case, although we are aware that the Chester County Court in Commonwealth v. Ochs, 6 Chester 27 (1953), decided that exceptions to support orders were unauthorized and subject to be stricken off. The reasons for permitting the filing of exceptions were stated thus by Judge Knight in the Yoh case, supra:

"A person against whom an order for support has been made may have been dissatisfied with the decision of the hearing judge and desired to have the order reviewed by the other judges of the court and as a matter of fact in the comparatively few cases in which exceptions have been filed to the order of the hearing judge the parties have almost always accepted the decision of the court en banc as final. In this way the

expense and delay of an appeal to the appellate courts has been avoided. In case of appeal to the higher courts, the appellate tribunals are better satisfied when the case before them has received the judgment of all or a majority of the judges of the court below. In the absence of any appellate court decision on the question before us, we have come to the following conclusion: In cases of an order for maintenance and support imposed under the provisions of the Act of 1939 as amended by the Act of 1951, supra, the defendant or the prosecutrix has a choice of remedies. He or she may file exceptions to the order of the hearing judge, which in effect, is a request that the order be reviewed by the court en banc or he or she may appeal directly to the appellate courts."

Thus, we have considered the merits of the case.

Defendant, William Brooks, is 34 years of age. His wife, Harriet L. Brooks, is 31 years of age. They were married on September 4, 1949. They have two children, George David Brooks, age seven years, and Stuart Allen Brooks, age five years. They live together in a house at 1205 Andover Road, Green Hill Farms, Lower Merion Township, this county. They own the house as tenants by the entireties. It has a market value of $35,000 or more and is clear of encumbrances. That has been their residence for the last five years. Defendant for four or five years worked as a salesman in the furniture business of his father-in-law. His earnings there were $7,500 per year. He was discharged from that position in June 1958. From June 1958 he collected unemployment compensation insurance. He made no effort to obtain a salaried job because he thought that by working as an independent sales representative he "had a greater potential." Since December 1958, he has been a sales representative for Cortland Furniture Company, B. J. Johns and other furniture companies. He believes that his present employ-

ment has a good potential, but as of the time of the hearing in August 1959, his business expenses as a sales representative were $3,049.74 and his gross income from such representation was $3,141.79.

Defendant owns securities valued at $93,207.67 and he also has an interest worth $50,000 in a store in Philadelphia. His total assets amount to approximately $150,000. His income from investments is $7,500. per year.

Before certain marital differences arose between defendant and his wife, he paid her an allowance of $75 per week, plus any extras which she needed. Around June 1958, he reduced the weekly allowance to $50 which he has paid regularly. Out of this sum she has paid the food bill for the family, a maid one day per week, minor household repairs, children's lunches and medicines. Mr. Brooks admittedly has paid all the necessary expenses for the upkeep of the house, including in the year 1959 to the date of hearing $93.91 for heating, $141.40 for lighting, $37.75 for water, $125.21 for repairs and $521.59 for taxes. He has also paid the bills of Boysville in the sum of $283.34 for all the children's clothing except shoes but not for all of his wife's clothing. However, in 1959, he paid $723.85 for clothes purchased by and for her in 1958. In 1959, he paid only about $40 for clothing purchased by his wife in 1959. In 1959 to date, he paid doctor bills for his wife and children amounting to $161. In the winter of 1958-59, while he was unemployed, she withdrew $1,495 from their joint bank account, purchased clothes costing $723 and went to Florida. Understandably, he declined to pay any bills for her clothing for some time thereafter. He has paid all or virtually all the family's medical bills.

The prosecutrix complains that defendant refused to pay for the cost of sending their children to summer camp and that her father was obliged to do so and that

she has had to borrow $25 to $50 per week from her parents in order to make ends meet.

The prosecutrix has not been gainfully employed during this marriage, and she has no substantial separate estate or income.

"The purpose of section 733 of the act . . . is to secure allowance for the support of a wife and family consonant with the husband's property, income, earning capacity and the family's condition in life": Commonwealth ex rel. Vaccaro v. Vaccaro, 166 Pa. Superior Ct. 312, 314 (1950), citing Commonwealth v. George, 358 Pa. 118 (1948). Not every husband or father is subject to prosecution under section 733, supra. Only if sufficient evidence is adduced to establish a man's neglect to maintain his wife or children is he to be subjected to an order of support.

Although it is not necessary to prove desertion, it is necessary to prove neglect to maintain: Commonwealth v. Peters, 178 Pa. Superior Ct. 82, 86 (1955). See also Commonwealth v. Henderson, 170 Pa. Superior Ct. 559 (1952) ; Hecht v. Hecht, 189 Pa. Superior Ct. 276, 282 (1959). *"Failure to properly support . . . is the precise equivalent of neglecting to maintain* within the contemplation of sec. 733 of the Act": Commonwealth v. Greene, 173 Pa. Superior Ct. 315, 317 (1953).

In this case, defendant is in the early stage of a new venture. He has chosen to embark on a career as a sales representative. It is reasonable to suppose that earnings from this kind of work will yield him a return such as he formerly obtained only after months or possibly years of diligent effort on his part. This court will not arbitrarily limit his choice of vocation nor will we penalize him for rejecting a salaried position in favor of the relatively limitless opportunities of a sales representative whose earnings in all probability will be measured largely by his individual skill and efforts.

Defendant had an income of $7,500 per year from investments and possibly an additional net income of $200 in the year 1959. Out of this, he admittedly has paid the heat, lighting, water and telephone bills, taxes on jointly owned real estate occupied as their home, and, with very minor exceptions, he has paid his wife's and children's clothing and medical bills. His failure or delay to pay certain bills may have occurred because of her withdrawals from their joint account. The wife admitted on the witness stand that "The necessities are taken care of" by defendant.

The controversy evidently is centered upon the weekly allowance which defendant reduced from $75 to $50. Considering defendant's present circumstances, which, we suppose, will improve materially within a few months or a year, upon a reconsideration, we deem his action as a proper exercise of discretion with which we should not interfere at this time. Relatrix could readily dispense with a maid temporarily. Defendant should pay for household repairs, medicines and medical bills and clothing for his wife and children, and we believe he will do so if requested. The sum of $50 weekly which defendant has been paying his wife should be adequate to provide for the table and pin money. If she elects to borrow continually from her parents, she does so on her own account and not at the expense of defendant.

In the event that defendant shall fail to support his wife in a manner which is reasonable considering his earning power and all the attendant circumstances, we shall reconsider the case in the light of changed facts and circumstances. Meanwhile, the order entered on August 20, 1959 will be vacated.

And now, February 23, 1960 defendant's exceptions to the order entered on August 20, 1959, are sustained, the order is vacated and defendant is discharged.