King, Appellant, *v.* Holt.

432

Argued December 11, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Jack Brian,* with him *Berman, Richard & Brian,* for appellant.

*Ralph B. D'Iorio,* with him *Cramp and D'Iorio,* for appellee.

OPINION BY MONTGOMERY, J., March 19, 1963:

This is an appeal from a judgment in a trespass action taken after the lower court denied appellant's motion for a new trial, wherein she submitted as her sole reason the alleged error of the trial judge in permitting questions upon cross-examination which disclosed that John P. King, one of the plaintiffs below, and Geraldine King, the appellant, were not husband and wife, having been divorced between the time of the accident and the date of the trial.

The case arose from an automobile accident which occurred on March 23, 1958, wherein the automobile owned and operated by the appellant, and in which John P. King, her husband, was a passenger, was struck in the rear while stopped for a red light. The property damage resulting therefrom was not great, but both appellant and her husband claimed whiplash injuries and alleged certain disabilities flowing therefrom, including traumatic psychoneurosis.

The jury trial resulted in separate verdicts in favor of John P. King in the amount of $5,000 and in favor of the appellant in the amount of $1,000.

The complaint, as initially filed, included a claim for loss of consortium by appellant's husband. However, at the commencement of the trial, counsel for appellant, at sidebar, advised the court that he was withdrawing the claim for loss of consortium and requested the trial judge to rule inadmissible any testimony that appellant had subsequent to the accident initiated divorce proceedings against John P. King, the other plaintiff, and that a final decree of divorce had been rendered prior to trial. This request was refused, and during the course of the trial counsel for the appellee elicited upon cross-examination of appellant the fact of the divorce. A further objection to the testimony was overruled.

The sole question presented by this appeal is whether the lower court abused its discretion in refusing appellant's motion for a new trial subsequent to permitting cross-examination which disclosed that at the date of the trial the appellant and her husband had been divorced, and where a claim for loss of consortium had been withdrawn by the husband.

The testimony in question consisted of the following: "Q. Where do you live now, Mrs. King? A. I live in Ecorse, Michigan. Q. You and your husband are divorced, are you not? A. For the time being, we are. We intend to reconcile. The Court: What was that? The Witness: We intend to reconcile. He came up here about a year ago when I was expecting my girl, and he hasn't been able to work steady, and I was depressed and I think he was worried over supporting two babies and all, and when he came up here, well, I started divorce proceedings, which just before I came here they had gone through. But since I came up here we are reconciling."

This testimony was simply a brief disclosure of the marital status. There was no reference whatsoever to

any particulars of marital discord between the parties. Throughout the whole of the testimony, which lasted three days, this was the only reference to the divorce. The record repeatedly shows references to "my wife" and "my husband" in the present tense. As noted by the trial judge, counsel for the plaintiffs and the plaintiffs themselves purposefully guarded from the jury the true state of their marriage, and it would have been manifestly unfair to have deprived the defendant of the right of showing the divorce for the purpose of meeting the inference.

Cross-examination is not confined to the precise facts elicited upon direct examination but may be extended to all inferences, deductions and conclusions that may be drawn therefrom. *Parente v. Dickinson,* 391 Pa. 162, 137 A. 2d 788; *Lester v. Century Indemnity Company,* 356 Pa. 15, 50 A. 2d 678; *Commonwealth v. Reilly,* 125 Pa. Superior Ct. 340, 189 A. 768. The scope or limitation of cross-examination is largely within the discretion of the trial judge and his action will not be reversed in the absence of abuse of that discretion, or unless an obvious disadvantage resulted therefrom to the other party. *Commonwealth v. Minoff,* 363 Pa. 287, 69 A. 2d 145; *Conley v. Mervis,* 324 Pa. 577, 188 A. 350; *Commonwealth v. Cobb,* 190 Pa. Superior Ct. 648, 155 A. 2d 468; *Pantano v. Zamer Motor Sales Company,* 170 Pa. Superior Ct. 317, 85 A. 2d 681.

A verdict winner complaining of trial errors in order to secure a new trial must convince the trial court that the verdict in his favor did not cure the errors and that the errors produced an unjust result. *Rankin v. McCurry,* 402 Pa. 494, 166 A. 2d 536; *Cooper v. Metropolitan Life Insurance Company,* 323 Pa. 295, 186 A. 125. If the reference to the divorce proceeding produced an unjust result because it was prejudicial to the appellant, it would have been equally or more

prejudicial to the case of her husband since she was awarded the divorce from him. However, no complaint is made about the verdict with respect to the husband, who unquestionably was the more seriously injured of the two plaintiffs.

A review of all the evidence in this case clearly establishes that the jury's verdict of $5,000 in favor of the husband represented a return to him of all the medical expenses incurred by him and his wife together with an award for his pain and suffering and loss of earnings, if any.

Appellant's testimony was subject to scrutiny. She testified to property damage in the amount of $223.18, but there was evidence that the car had never been repaired and had been repossessed after the accident. It is also likely that the jury was not impressed by the appellant's claim for loss of wages. She calculated her loss as beginning on the date of the accident. Her own evidence, however, indicated that she had left her employment because of an alleged pregnancy and her desire to go to the Philadelphia area with her husband who was seeking work. There was no evidence at all that any employment was available to her during the time she remained in Philadelphia, and there was evidence that, because of a second pregnancy, she was unable to work after returning to Michigan. This leads us to conclude that the award of the jury to her in the amount of $1,000 cannot be said to be unfair or unreasonable.

We therefore agree with the lower court that the admission of the evidence of the divorce was not error and not prejudicial to the appellant.

The only case on the issue of the admission of the evidence concerning that divorce cited by the appellant is *Abel v. Northampton Traction Company*, 212 Pa. 329, 61 A. 915, wherein a widow who had been deserted by her husband brought an action to recover damages

for his death. Counsel for the defendant therein was permitted to ask the widow if she had not taken steps toward procuring a divorce from her husband before his death. On appeal this was held to be error since (page 338), "The fact that plaintiff had consulted counsel as to her right to obtain a divorce did not affect her right of action in this case, and proof as to that matter was also irrelevant." In that case a mere consultation with a lawyer would not have affected the widow's right of action to recover damages accruing to her by her husband's death; but it is conceivable that such testimony might prejudice some jurors in raising an unfounded question in their minds as to the wife's right of recovery. It is also noted that the granting of a new trial in that case was based on a number of trial errors and not solely on the erroneous admission of the testimony referred to above.

The objection to the admissibility of evidence of family relationships as being prejudicial to the *defendant* in the jury's ascertainment of damages has resulted in diverse conclusions. It has been held that it is error to admit the size of the plaintiff's family when calculated to arouse sympathy of the jury in personal actions. *St. Louis, Iron Mountain & Southern Railway Company v. Adams,* 74 Ark. 326, 85 S.W. 768; 74 Ark. 329, 86 S.W. 287; *Patrick Simpson v. The Foundation Company,* 201 N.Y. 479, 95 N.E. 10. However, *McGregor v. Mills,* Kentucky Court of Appeals (1955), 280 S.W. 2d 161; and *Johns v. Charlotte C. & A. Railroad Company,* 39 S.C. 162, 17 S.E. 698, held that the admission of evidence as to the number and character of the family of the plaintiff was not prejudicial error. The test which is applicable to all these cases is whether it appears that the admission of such testimony could have influenced the jury in arriving at the amount of their verdicts. *David P. Egner v. Curtis, Towle & Paine Company,* 96 Neb. 18, 146 N.W. 1032.

However, in the present case, in addition to the question of prejudice, there is a serious question as to whether the matter of divorce was not relevant to the main issues of the case. This suit was entered originally by the husband for damages on account of his own injuries and also for damages arising from the injuries to his wife. These latter items included loss of consortium and expenditures for medical services occasioned by her injuries. Although the former husband disclaimed for the lost consortium because of the divorce, his liability for and right to recover for medical services rendered to her after the divorce was still determinable. A divorce terminates the husband's responsibility for the necessaries required by a wife, *Gimbel Brothers, Inc. v. Pinto*, 188 Pa. Superior Ct. 72, 145 A. 2d 865; *Commonwealth ex rel. Geiger v. Geiger*, 167 Pa. Superior Ct. 26, 74 A. 2d 739; 18 P.L.E., Husband and Wife, §14; 3 Freedman, Law of Marriage and Divorce in Pennsylvania (Second Edition), §709; as does marriage create that responsibility, even though medical expenses may have resulted from a tort occurring before the marriage. *Orga v. Pittsburgh Railways Company*, 155 Pa. Superior Ct. 82, 38 A. 2d 391. His reasonable damages are those "incurred". *George T. Platz v. McKean Township and Fred Richley, Frederick Leube and Leonard Grant, Road Commissioners*, 178 Pa. 601, 36 A. 136; *Kelley v. Mayberry Township*, 154 Pa. 440, 26 A. 595.

Consequently, to determine the issue of damages properly "incurred" separately by the husband and separately by the wife, the fact of the divorce was material and relevant evidence. According to the appellant's testimony her injuries persisted until after her divorce—in fact until trial. At that time she claimed to be still suffering from a "post traumatic psychoneurosis".

We therefore conclude there was no error. Judgment affirmed.