SNELLING v. YETTER.

(Supreme Court, Appellate Division, First Department. February 11, 1898.)

1. TRIAL—EXCEPTIONS—SUFFICIENCY—WAIVER.
While, under Code Civ. Proc. § 999, the power of a trial justice, where he dismisses the complaint on a trial by jury, to grant a new trial, is limited to a case where the motion is made on exceptions, the right of review is not lost merely because the technical phrase "I except" is not employed, where, on the hearing of the motion, no objection to the absence of a formal exception is raised.

2. WAREHOUSEMEN—SURRENDER OF GOODS—CARRIERS.
One who had goods in defendant's warehouse, under a storage contract, terminated the storage agreement, paid all defendant's charges, and surrendered the contract, and thereupon directed defendant, who was also a common carrier, to deliver the goods at her residence the same day, and paid the transportation charges, and defendant accepted and entered the order. *Held* that, from the time of such acceptance, defendant assumed the relation of a carrier.

Van Brunt, P. J., dissenting.

Appeal from trial term.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

R. L. Redfield, for appellant.
John Ewen, for respondent.

BARRETT, J.　Before considering this appeal upon its merits, we should notice a technical objection thereto which is suggested, though not distinctly made, in the respondent's brief.　The suggestion is that the plaintiff made her motion for a new trial upon the trial justice's minutes, without taking an exception to the dismissal of the complaint.　The only provision of the Code of Civil Procedure authorizing the trial justice, where he dismisses the complaint upon a trial by jury, to entertain a motion for a new trial upon his minutes, is in section 999; and that provision limits the exercise of the power to a case where the motion is so made upon exceptions.　What actually transpired upon the trial was this:　The defendant moved to dismiss the complaint upon several grounds, one of which was that the evidence failed to show that the defendant was engaged in the business of a common carrier as well as that of a warehouseman. Thereupon the plaintiff's counsel asked the court to permit him to show this fact more distinctly than he had done.　The court granted the request, and, accordingly, one of the·defendant's employés was called as a witness.　The witness clearlv proved that the defendant was a common carrier, as well as a warehouseman.　What followed we quote from the record:

"Mr. Redfield:　If it is necessary, I respectfully renew my motion that this case be submitted to the jury on the question of whether or not a contract of carriage was not entered into on the occasion spoken of.　The Court:　I think the motion must be granted.　The complaint is dismissed; but, on the motion for a new trial, I will hear Mr. Redfield on Saturday, or take whatever papers he desires, to give him the benefit of any question there may be.　Do you make a motion for a new trial, Mr. Redfield?　Mr. Redfield:　Yes, sir."

It thus appears that the learned trial justice was of the opinion that the defendant could not, upon the facts adduced, be charged as a common carrier.　Apparently, however, he was not, at the moment, entirely clear upon the point, and he therefore suggested the making of a motion for a new trial, in order to give the plaintiff the benefit of further consideration.　It is clear that his ruling was based merely upon present impression, and was meant to be tentative; and an exception thereto was necessarily implied from what then took place.　It will be observed that in one breath he in substance said to the plaintiff's counsel: "I think the complaint should be dismissed, but I will hear you later upon a motion for a new trial; and then I will give you the benefit of any question there may be as to the correctness of my present impression."　A fair paraphrase of the counsel's response is this: "Very well; I will make the motion you suggest, and, when it is argued, I will endeavor to show you that the complaint should not be dismissed."　There was here no passive assent or submission to a tentative, much less to a final, ruling.　On the contrary, the counsel dissented therefrom, and expressed his purpose to question and review the ruling, and to secure its reconsideration and reversal.　He seems to have done everything that was possible under the circumstances, in the way of excepting, save to use the formal expression, "I except."

We think what the plaintiff's counsel thus said and did was sufficient to authorize the hearing and decision of the motion below.　An-

exception is but the formula of dissent from a ruling, expressed with sufficient clearness and definiteness to raise some concrete point upon appeal. This dissent, and the intention to question the ruling thereafter, are usually expressed by the phrase, "I except." The right of review, however, is not lost merely because this technical phrase does not happen to be employed. Any other clear expression will suffice, provided such expression be adequate to convey the idea which underlies all exceptions. That idea is nonassent and nonsubmission to the ruling. If that is not clearly expressed, assent or at least submission is undoubtedly implied. Here, however, as we have seen, the plaintiff did not passively submit to the ruling. He actively dissented therefrom, and expressed his purpose to question and review it. His attitude throughout "indicated exception," which is Webster's definition of "exceptant." The learned trial justice thoroughly understood this, and even inspired the particular procedure, which was to give the plaintiff's dissent and purpose their appropriate effect. An exception was the legal prerequisite to that procedure. We must assume that all parties knew this, the defendant's counsel as well as the learned trial justice. Thus, the plaintiff, according to the general understanding, was, in legal intendment, "excepting" to the ruling which he was led to review. This is emphasized by what followed.

The motion for a new trial was subsequently heard, and fully considered upon the merits in a carefully written opinion. There was not then the slightest suggestion on the defendant's part that the court lacked the power to hear and determine the motion upon the merits, nor that it was not made upon exceptions, as required by the section in question. Had the defendant then made any such suggestion, the learned trial justice could, and undoubtedly would, at once have permitted the formal phrase "I except" to be placed upon the record nunc pro tunc. Having stood by and argued the motion upon what was understood to be an exception, it is too late now for the defendant to make the suggestion which we find in his brief. We think, therefore, that the present appeal should be heard upon its merits.

The facts are in a narrow compass. The plaintiff's goods were in the defendant's warehouse, under a storage contract, from July 24 to September 24, 1895. Upon the latter day, the plaintiff terminated the storage agreement, paid all the defendant's charges, and surrendered the contract. She thereupon directed the defendant to deliver the goods to her at her house, in Sixty-Fourth street, in this city, and she paid the charges of transportation. The defendant accepted this order, and entered it upon his books. This was between 12 m. and 1 p. m. At the same time, the plaintiff told one of the defendant's employés that she wished the goods delivered that afternoon. This employé testified that she specified 4 o'clock as the hour when they were to be so delivered. It appears that the goods were destroyed in the defendant's warehouse that very afternoon, shortly before 4 o'clock. The defendant says that the fire occurred about 15 minutes after 3 p. m. We think the question thus presented was settled, favorably to the plaintiff's contention, by the

case of Wade v. Wheeler, 3 Lans. 201, affirmed in 47 N. Y. 658. As in that case, the defendant here assumed the relation of carrier from the time of his acceptance of the plaintiff's order for transportation. It follows that, at the time of the fire, he had the goods in his possession as a carrier, and not as a warehouseman. During the brief period which intervened between the direction to deliver and the time when the delivery was to be made, the goods were in the defendant's hands as accessory to such delivery. They were not then in his hands for the plaintiff's convenience, subject to her further instructions. When she left the defendant's warehouse that day, there was nothing further to be said by either party upon the subject of delivery. The plaintiff was to give no further instructions as to the carriage. Her directions were final. She had closed the storage contract, and the defendant had thereupon accepted the carriage contract. Whatever time was necessary to get the goods together that particular afternoon, or to have them in proper condition for handling upon the defendant's carts, was incidental to the new arrangement. The brief period required for preparation did not even temporarily restore the warehousing relation. The status during the preparatory period was the same as though the goods had been primarily delivered to the defendant for carriage at the time when he accepted the plaintiff's order on that head.

We think, therefore, that the complaint should not have been dismissed, and that the motion for a new trial upon the judge's minutes should have been granted. The judgment appealed from should therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur, except VAN BRUNT, P. J., dissenting.

VAN BRUNT, P. J. (dissenting). Upon an examination of the record in this case, there does not appear to be any question presented to this court for review. No exceptions were taken during the course of the trial by the appellant. It is true that the appellant asked to go to the jury, but no exception whatever was taken to the refusal of the court to permit him so to do. Neither was any exception taken by him to the action of the court in dismissing the complaint. It is true that a motion for a new trial was formally made, which was subsequently argued, upon grounds then stated, none of which referred to any exception as taken, or assumed that any had been taken, and which was denied. As a motion for a new trial in a case where a direction has been given dismissing the complaint can only be founded upon exceptions (section 999, Code Civ. Proc.), no question whatever was presented to the court by such motion.

By the prevailing opinion, an exception has been imported into the case which nowhere appears upon the record. The question to the plaintiff's counsel: "Do you make a motion for a new trial?" "Yes," —in no way indicated upon the part of the court that an exception had been taken by the counsel to the ruling which had been made, and upon which only the motion for a new trial could be founded. As has been stated, when the counsel came to make his motion for

a new trial, he nowhere founded it upon any exception which, he claimed, had been taken to the rulings of the court. The order entered upon the motion for a new trial was silent as to its having been made upon exceptions, and the court refused to resettle that order, because, evidently, the order truly expressed in that regard what had taken place before the court.

I think it is too late, after a case has been presented to the appellate division, for this court to amend the record by inserting exceptions which it does not appear were ever taken or thought of upon the trial.

---

### SNELLING v. YETTER.

(Supreme Court, Appellate Division, First Department.  February 11, 1898.)

NEW TRIAL—RESETTLEMENT OF ORDER—EXCEPTIONS.

Appeal from special term.

Action by Abbie E. Snelling against Andrew B. Yetter. From an order denying a motion to resettle an order denying a new trial, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

L. R. Redfield, for appellant.

J. Ewen, for respondent.