(48 Misc. Rep. 554)

HAMILTON et al. v. PELONSKY.

(Supreme Court, Appellate Term. November 24. 1905.)

1. APPEAL—RECORD—RESERVATION OF GROUNDS OF REVIEW—EXCEPTIONS.

Where an appeal is from the judgment, and the case contains no exceptions, but it appears from a remark of the trial justice that he granted plaintiff's motion for the direction of a verdict, "subject to the exceptions as taken by the defendant," the cause will be reviewed as if the case showed that proper exceptions had been taken.

2. SALES—SALE BY SAMPLE—WARRANTY—BREACH—WAIVER.

Where a sale of goods was by sample, and they were delivered by direction of the purchaser to a mill to be subjected to a certain process, and the purchaser did not discover that there was a variance between the sample and the goods until they had been returned to him from the mill, he was entitled to maintain an action for damages for the breach of warranty.

Appeal from City Court of New York.

Action by Edmund H. Hamilton and another against Nathan A. Pelonsky. From a judgment in favor of plaintiffs and dismissing defendant's counterclaim, defendant appeals. Reversed.

Argued before SCOTT, P. J., and GILDERSLEEVE and MacLEAN, JJ.

Myers & Goldsmith (E. J. Myers, of counsel), for appellant.

Blandy, Mooney & Shipman (Charles Blandy, of counsel), for respondents.

SCOTT, P. J. Although the case on appeal contains no exceptions, and the appeal is only from the judgment, we feel bound to assume, from the remark of the trial justice that he granted plaintiffs' motion for the direction of a verdict, "Subject to the exceptions as taken by the defendant," either that the defendant did in fact take the proper exceptions, which by inadvertence were omitted from the printed case, or else that there was a mutual understanding between court and counsel that the defendant should be considered as taking the exceptions necessary to present the question of law discussed at some length at the close of the case. In either case we should consider the appeal as if the case showed that proper exceptions had been taken. Snelling v. Yetter, 25 App. Div. 590, 47 N. Y. Supp. 917.

The action is for goods sold and delivered. The answer, admitting the sale and delivery, alleges by way of counterclaim that the sale was made by sample, and that by reason of this breach of warranty the defendant has suffered damage. The defendant, admitting everything

alleged by the plaintiffs, assumed the affirmative as to the counterclaim, and introduced evidence from which a jury would have been justified in finding that the sale was made by sample, and that the goods delivered fell far below the sample in quality and value. It appeared that the goods were bought by the defendant with a view to having them "rubberized," or rendered waterproof, and that after the purchase had been agreed upon defendant directed plaintiffs to hold the goods for a while, and afterwards directed that they be delivered to a certain mill, to be subjected to the waterproofing process, which was accordingly done. The defendant did not discover that there was a variance between the sample and the goods as delivered until the goods had been rubberized and returned to him from the mill. The court at the close of the case expressed the opinion that the defendant became chargeable with notice of the quality of the goods when they were delivered at the mill to be waterproofed, and that it was an undoubted rule, if goods are sold by sample, that the right to object to the quality or character of the goods does not survive an acceptance of the goods or a reasonable opportunity to inspect them. He accordingly denied defendant's motion to submit any question to the jury, dismissed the counterclaim, and directed a verdict in favor of the plaintiffs.

As has been said, there was sufficient evidence to have justified the jury in finding, if the question had been submitted to them, that the transaction was a sale by sample, and for the purposes of this appeal we must assume that they would have so found. That the goods delivered were not equal to the sample was substantially conceded. The rule stated by the learned trial justice that the right to object to the quality or character of the goods, when sold by sample, does not survive acceptance or opportunity to accept, applies only where the purchaser undertakes to rescind the sale and returns the goods. It is not peculiar to sales by sample, but applies to sales by description or in any other manner, when the contention is that the contract was never fulfilled because the goods purchased were not delivered. In such cases acceptance after inspection or opportunity to inspect is considered equivalent to a concession of fulfillment. A different question is presented, and a different rule becomes applicable, where, as in the present case, the purchaser keeps the goods and sues for damages for breach of the collateral agreement of warranty, whether expressed in words or implied from the fact of a sale by sample.

The whole question as to the rights of a purchaser who has bought by sample has recently been thoroughly discussed by the Court of Appeals in a case which in its main features is not distinguishable from the present. Henry & Co. v. Talcott, 175 N. Y. 385, 67 N. E. 617. In that case, as in this, the goods at the time of sale were in a distant place and could not be examined in bulk by the purchaser. The defendant did not repudiate the sale, or seek to recover back so much of the purchase price as had been paid, but, as in this case, counterclaimed for the damages sustained by reason of the violation of the express warranty resulting from the fact that the sale had been by sample. The plaintiff, as here, replied to the counterclaim, among other things, that the defendant had accepted and retained the goods. In that case also, as in this, the counterclaim was dismissed by the trial justice on the ground

that the sale was not by sample, and that there was no warranty that survived acceptance. The Court of Appeals held, as we are constrained to hold in this case, that the evidence raised a question of fact to be submitted to the jury as to whether or not there had been a sale by sample, and considered at some length the nature, extent, and duration of the warranty resulting from such a sale. It was said:

"Upon a sale by sample there is an express warranty that the goods are equal in quality to the sample furnished. It amounts to an undertaking on the part of the seller with the purchaser that all the goods are similar both in nature and quality to those exhibited. It is sometimes said that the warranty is implied, although the effect of an express warranty is given to it; but, more accurately, it is express, the affirmation being made by the sample itself, silently asserting the qualities of the bulk it represents. * * * If upon delivery the goods fall below the quality of the sample, the buyer may either reject them, or may accept and sue for damages upon the warranty. The rule is the same whether the goods are in existence at the time of the sale or are to be manufacturd. * * * If the goods, when delivered, do not equal the sample, the buyer need not return them in order to sue for the breach of warranty, although an offer to return is necessary if he wishes to rescind the sale and sue for the amount paid in advance of delivery."

Of course, a different rule obtains when the purchaser at the time of the purchase has full opportunity to inspect the goods, even though samples are exhibited at the same time. That, however, is not the case here. The rule stated by the justice below, although often expressed, and sometimes, perhaps, applied rather loosely, is not applicable to the case at bar, if it should be found that there was a sale by sample. We are therefore of the opinion that the justice should have submitted to the jury the questions whether there had been a sale by sample and whether the goods delivered were equal to the sample. It was therefore error to refuse the defendant's motion to that effect.

Judgment reversed, and new trial granted, with costs to appellant to abide the event. All concur.