## Snyder, Appellant, *v.* Pennsylvania Railroad Company.

Argued October 14, 1953. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

314

*J. Harry Pershing,* with him *Audie B. Snyder,* appellant, in propria persona.

*Bruce R. Martin* and *Dalzell, Pringle, Bredin & Martin,* for appellee, were not heard.

OPINION PER CURIAM, November 9, 1953:

This action in trespass was brought to recover damages for personal injuries sustained by plaintiff when alighting from a train on which she had been a passenger. She claimed that the train stopped with the rear vestibule of her car some distance from the station platform and that the surface of the ground there was rough and covered with snow. At the trial she testified that one of the trainmen assured her that he would assist her in alighting, but, as she stepped down, he failed properly to do so and she fell and sprained her ankle. Defendant produced evidence that the trainman warned plaintiff not to alight from the rear platform of the car because the steps there were too high from the ground whereas the front vestibule was opposite the paved platform; however, as she paid no attention to his admonition, he told her to be careful and he tried to help her.

The case was submitted to the jury in a proper and adequate charge to which only a general exception was taken. There is no ground for plaintiff's complaint that the court over-emphasized defendant's case or

minimized her own. The jury found for defendant and the court refused plaintiff's motion for a new trial.

Plaintiff urges that the court erred in admitting testimony of a conversation between two of defendant's trainmen in her presence in which they recited how the accident happened and what was said to and by plaintiff at the time. However, she herself had testified to that conversation and defendant was therefore justified in presenting its own version in contradiction of hers; moreover the testimony in question was introduced without any objection on the part of her counsel.

More than two years after the trial plaintiff petitioned the court to correct alleged errors in the record of the testimony and the charge of the court. This was an unreasonable request after such a lapse of time for it was then obviously impossible for the court to pass on the accuracy of the testimony as transcribed; moreover, the court pointed out that most of the errors alleged were of no importance to the issues raised in the trial.

There being no merit in any of plaintiff's contentions the court properly refused her motion for a new trial.

Judgment affirmed.