Palmer, Appellant, *v.* Sunshine Family Laundry
Service Co.

Argued November 15, 1954.   Before Rhodes, P. J.,
Hirt, Ross, Gunther, Wright, Woodside and Ervin,
JJ.

*Herbert N. Rosenberg,* with him *Rosenberg & Rosenberg,* for appellant.

*John D. Stedeford,* for appellee.

.PER CURIAM, March 24, 1955:

In this trespass action the plaintiff sought damages resulting from the collision of his automobile with a truck of the defendant in the intersection of two streets in Pittsburgh. The verdict of the jury was for the defendant on a specific finding that plaintiff was guilty of contributory negligence. Plaintiff's appeal is from the refusal of a new trial.

There is no merit in plaintiff's complaint here made for the first time that he was prejudiced when his case was called for trial late in the afternoon of February 15, 1954 and he was required to proceed. There was still time before the usual hour of adjournment for counsel to open to the jury and to complete the direct examination of plaintiff which was done. Especially in a busy court, the mechanics of assigning cases for trial in disposing of a trial list is wholly within the discretion of the court. Plaintiff's complaint in reality is not that the court abused its discretion in requiring him to proceed, but that a case involving the claim of some other plaintiff should have been called.

At the close of the court's charge plaintiff was given the opportunity to request additional instructions. His counsel called the court's attention to one inaccurate statement, not material here, but nothing more, and plaintiff did not object specifically to any portions of the charge nor generally to the charge

as a whole. Under a general exception to the charge of a trial judge we will consider only such alleged errors as are basic and fundamental (*Albert v. Schenley Auto Sales, Inc.*, 375 Pa. 512, 100 A. 2d 605) and could not have been corrected at the trial. *Steele v. France*, 363 Pa. 165, 69 A. 2d 368. In a proper case even in the absence of a general exception we may reverse because of basic and fundamental error. *Dandridge v. Exhibitors Service Co.*, 167 Pa. Superior Ct. 143, 74 A. 2d 670. The questions here involved do not dignify the present case as within that class. The trial judge did not overly stress the question of plaintiff's contributory negligence in his charge, as appellant contends; he dealt with the questions of the negligence of the defendant as well as of the plaintiff, both adequately and fairly and without undue emphasis as to either. Cf. *Snyder v. Pennsylvania R. R. Co.*, 375 Pa. 313, 100 A. 2d 466.

The trial judge did not err, especially in the absence of a specific request, in failing to comment on the failure of the defendant to call as a witness its supervisor who came upon the scene after the accident. All that this witness could have testified to would have been the position of the two vehicles after they had come to rest which would have contributed little on the subject of the negligence of either party.

In charging on the question of negligence the trial judge said: "We say to you as a matter of law that negligence is the want of due care, the failure to do something which the ordinarily prudent person would or should do under the circumstances, or the doing of something which the ordinarily prudent person would not or should not do under the circumstances; and of course it can be a combination of both in part. Now who is this ordinarily prudent person that we talk about? *Well, if you think you are an ordinarily*

*prudent person,* then you are the standard by which we define or find out what negligence is, depending on what an ordinary prudent person would do under the circumstances . . ." In the phrase which we have emphasized plaintiff contends that the court characterized the jurors as "ordinarily prudent" persons and in effect instructed them that they therefore could properly resolve the issues of negligence on their own standards. When read understandingly the charge as a whole set up the acts of the ordinarily prudent person, and not the personal views of the jurors, as the standard to be applied. In any view plaintiff is not in position to complain for he did not request further clarifying instructions on the subject.

Other questions raised by appellant do not merit even passing comment.

Judgment affirmed.