Madera et ux., Appellants, *v.* Kester.

Submitted March 28, 1956.   Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ.

*Carl A. Belin,* for appellants.

*Dan P. Arnold, D. Edward Chaplin* and *Chaplin &
Arnold,* for appellee.

OPINION BY WRIGHT, J., July 17, 1956:

On October 16, 1953, Julia Madera accompanied
her seven year old daughter, an elementary school pupil
in Penn Township, Clearfield County, on a trip to and
from the nearby Borough of Curwensville. The means
of transportation was a school bus, in which other
pupils and their mothers were also conveyed. The pur-
pose of the journey was to have the pupils in question
receive their regular school medical examinations.
When she attempted to alight from the bus at the con-
clusion of the return trip, Mrs. Madera tripped and fell
to the ground. She and her husband, Gust Madera,
instituted a trespass action against the bus owner, Lex
Kester, alleging that the steps of the bus had, by long
usage, become dangerously worn. After trial, the jury
returned a verdict for the defendant. The lower court
refused to grant a new trial, and this appeal followed.

There were two steps with metal treads at the front
right side of the bus. Appellants attempted to show
that the front edges of these steps protruded sharply
upward and inward, and that Mrs. Madera's toe caught
in the protruding edge of the upper step. On the other
hand, the defense was that the steps were not negli-
gently maintained, that the bus had passed the cus-
tomary police inspection two months earlier, that Mrs.
Madera and other mothers originally entered the bus,
got off at Curwensville, and re-entered the bus all with-
out difficulty, and that no one had difficulty getting
off the bus on the return trip except Mrs. Madera.
Photographs of the steps, taken six months after the
accident, were introduced into evidence. We have ex-

amined these photographs and they do not appear to be helpful to appellants' contention. In our view, the verdict of the jury properly disposed of all controlling questions.

Present counsel for appellants contends that there were a number of errors in the charge of the trial judge. At the conclusion of the charge, an opportunity was afforded trial counsel to call attention to any errors or omissions. There was no response. Not only were there no special exceptions, but also there was not even a general exception. Furthermore, none of the reasons now advanced were raised before the lower court in the motion for a new trial. See *Pryor v. Graff*, 179 Pa. Superior Ct. 622, 117 A. 2d 818. We have carefully reviewed the charge and find no fundamental error. See *Koenig v. Flaherty*, 383 Pa. 187, 117 A. 2d 719; *Palmer v. Sunshine Family Laundry Service Co.*, 177 Pa. Superior Ct. 595, 112 A. 2d 449. Under the circumstances we deem it unnecessary to further extend this opinion.

The order of the lower court is affirmed.