Rohr *v.* Logan, Appellant.

Argued June 17, 1965. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, and HOFFMAN, JJ. (FLOOD, J., absent).

*Robert B. Surrick,* with him *Cramp & D'Iorio,* for appellant.

*William F. Sullivan, Jr.,* with him *Obermayer, Rebmann, Maxwell & Hippel,* for appellees.

OPINION BY WRIGHT, J., September 16, 1965:

On September 10, 1962, Glen C. Rohr and Sandra Rohr, his wife, instituted suit in assumpsit against James C. Logan on a cause of action hereinafter de-

tailed. The trial before the late Judge TOAL and a jury resulted in a verdict in favor of the plaintiffs in the sum of $4,617.63. Defendant's motions for new trial and judgment n.o.v. were dismissed by the court en banc, and judgment was entered on the verdict. This appeal followed.

On June 20, 1962, Mr. and Mrs. Rohr were residing in Ridley Park, Delaware County, and appellant was engaged in two businesses at 333 Rose Street in the City of Chester. He was a certificated common carrier of household goods, and also a public warehouseman. On the date mentioned, appellant orally agreed with Mr. and Mrs. Rohr to accept their household goods for temporary storage and eventual delivery to a then undetermined city to which Mr. Rohr was to be transferred by the Bethlehem Steel Company. Appellant received the sum of $27.00 for moving the goods to his warehouse, and was to be paid $20.00 per month for each month of storage until notified of definite shipping instructions. On August 6 or 7, 1962, the Rohrs orally directed appellant to ship the goods to Buffalo, New York, and agreed to pay the sum of $200.00 for the transfer. Appellant accepted the shipping instructions, and agreed to transfer the goods at the earliest practical opportunity in the usual course of business. No precise date was set for the shipment. On August 8, 1962, a fire occurred in appellant's warehouse and the goods were damaged by flames, smoke and water.

It was the position of the Rohrs at the trial that their goods were in appellant's possession in his capacity as a common carrier, and that appellant was an insurer of the safety of the goods. It was appellant's position that his possession was that of a bailee, not a common carrier, that there was no negligence on his part, and that the loss was due to a catastrophe,[1] name-

---

[1] In deference to the view expressed by our Supreme Court, we do not use the term "Act of God". See *Bowman v. Columbia Tele-*

ly, fire caused by lightning. The trial judge instructed the jury that, as a matter of law under the pleadings, the relationship of bailor-bailee had been changed to the relationship of shipper-common carrier. He submitted to the jury the question whether the fire was caused by lightning, as to which defense appellant had adduced testimony. The question of the amount of damages was also submitted to the jury.

Appellant first contends that oral instructions from a bailor to a bailee-warehouseman to ship the bailor's warehoused goods to a specified location, without more, will not change the legal relationship of bailor-bailee to that of shipper-common carrier and thereby enlarge the duty of care owed by the bailee. The authorities are to the contrary. When appellant accepted oral instructions to ship the goods at the earliest practical opportunity in the usual course of his business, his status with relation to the goods became that of a common carrier. Where the shipper alters a previous direction to the carrier to hold the goods for further instructions "and gives orders to forward the goods, the liability as carrier immediately attaches": 13 C.J.S. Carriers Section 145. And see 13 Am. Jur. 2d, Carriers Section 255. Although the original relationship between the parties was one of bailor-bailee, the bailee-warehouseman became a common carrier immediately upon acceptance of the shipping instructions: *Lehigh Valley R. Co. v. John Lysaght,* 271 F. 906. See also *Clarke v. Needles,* 25 Pa. 338; *Illinois Central Railroad v. Moore,* 228 F. 2d 873; *Snelling v. Yetter,* 49 N.Y.S. 917, 25 App. Div. 590, 163 N.Y. 601, 57 N.E. 1124.

Appellant's second contention is that the pleadings fail to support the ruling that he was a common carrier of the goods at the time of the fire. He argues that the carrier status did not apply because the ship-

phone Co., 406 Pa. 455, 179 A. 2d 197; *Goldberg v. R. G. Miller & Sons,* 408 Pa. 1, 182 A. 2d 759.

ping instructions were incomplete. Paragraph 9 of the amended complaint reads as follows: "At the time aforesaid, defendant accepted the said instructions and agreed to ship plaintiffs' personal property as soon as practical in the usual course of defendant's businesses in accordance with said instructions and agreement". In reply to this paragraph, the answer stated: "Admitted in part; denied in part. It is denied that the plaintiffs and the defendant ever agreed upon a precise date for shipment of the said goods from Chester to Buffalo". The statement that a precise date for shipment was never agreed upon does not constitute a denial of the allegation that the instructions and agreement were to ship the goods as soon as practical in the usual course of appellant's business. Averments in a pleading are admitted when not denied specifically or by necessary implication: Pa. R. C. P. 1029(b). The absence of a precise date for shipment is entirely consistent with the allegation that shipment was to be made in the usual course of appellant's business. It is our view that the shipping instructions were sufficiently definite and complete.

Appellant's third contention is that the verdict was against the weight of the evidence. The appellate court will not reverse the refusal of the court below to grant a new trial on this ground unless the record discloses a palpable abuse of discretion: *Shields v. Larry Construction Co.,* 370 Pa. 582, 88 A. 2d 764. We perceive no abuse of discretion in the case at bar. Appellant concedes that a common carrier is generally regarded as an insurer against all losses, and that the burden is on the common carrier to show that the loss was within an exception to the general rule. See *Arabian American Oil Co. v. Kirby & Kirby,* 171 Pa. Superior Ct. 23, 90 A. 2d 410; *Villari v. James,* 155 Pa. Superior Ct. 155, 38 A. 2d 379. Appellant attempted to exonerate himself by showing that the loss was due

to a catastrophe, namely, fire caused by lightning. Cf. *Dixon v. Breon*, 22 Pa. Superior Ct. 340. A catastrophe is an unusual, extraordinary, sudden and unexpected manifestation of the forces of nature which cannot be prevented by human care, skill or foresight: *Carlson v. A. & P. Corrugated Box Corp.*, 364 Pa. 216, 72 A. 2d 290. And see *Goldberg v. R. G. Miller & Sons*, supra, 408 Pa. 1, 182 A. 2d 759. In the absence of a factual showing that appellant took reasonable precautions to avoid the loss, he did not overcome the shippers' prima facie case. Appellant had the burden to prove, not only the occurrence of a catastrophe, but also that he was guilty of no negligence in the construction and maintenance of the warehouse which contributed to the loss: *Compania de Vapores Insco, S. A. v. Missouri Pacific R. Co.*, 232 F. 2d 657. As stated in the opinion of the trial judge for the court en banc:

". . . Defendant failed to meet this burden in two very material particulars; he failed to produce any evidence that his negligence did not contribute to the loss, he failed to show that the lightning was the proximate cause of the loss. There is no evidence that plaintiffs' goods were properly stored in accordance with the usual custom of the business, that the warehouse was properly maintained, that the wiring at or near the point of impact of the alleged lightning bolt was in good condition, that any fire alarms or other fire protective devices were utilized; or that any devices available for protection against lightning specifically were installed. The record is devoid of evidence that defendant used care in the storage of the goods and that the goods were stored in a properly maintained and equipped place. There was evidence produced by plaintiffs to indicate that at least part of plaintiffs' loss resulted from a failure to properly guard the goods after the fire and that at least part of the loss resulted from the firemen's inability to promptly attack the

238

source of the fire because of the crowded condition of the warehouse. There is evidence which indicates that the loss may have been occasioned by faulty wiring existing in defendant's warehouse. Defendant did not present any evidence to rebut the inference of negligence which arises from this evidence. Defendant failed to show that lightning caused the plaintiffs' loss. The contention that lightning started the fire is quite a different proposition from a contention that lightning caused the loss. No fireman, fire marshal or other person who examined the building with a view to determining the cause of the fire testified. We are of the opinion that the jury verdict was sustained by the evidence".

Appellant's fourth contention is that the trial judge erred in charging the jury "that nobody has testified that the lightning caused the fire". The trial judge had just given instructions concerning appellant's defense,[2] and the statement quoted was not misleading in context. No specific exception was taken. See *Segriff v. Johnston*, 402 Pa. 109, 166 A. 2d 496. Moreover, at the conclusion of the charge counsel for appellant made, and the trial judge granted, the following re-

[2] "There is a defense in this case, and the defense is that even admitting that there was the relationship of common carrier and shipper, the common carrier is not responsible because the thing that caused the damage was an act of God. There is oral testimony in the case, which, if believed, would indicate that when this fire started somehow there was a thunderstorm in the early hours of the morning, two witnesses have taken the stand and orally testified that they saw a flash of lightning; one witness I think said that they saw the lightning strike the corner of the building, that shortly thereafter there was smoke and fire. Now that kind of a defense is a valid defense provided that the defendant proves to the satisfaction of you jurors that the act of God, namely the lightning, was the sole cause or proximate cause, the sole proximate cause of the damage which was suffered by these two young persons through the damage done their goods".

quest for additional instructions: "And, lastly, sir, I would ask you to charge the jury if they find as a fact that lightning struck the defendant's premises causing a fire and that the plaintiffs' loss was proximately caused thereby, then the verdict must be in favor of the defendant". Considered as a whole, the general effect of the charge was to fairly present the factual issues with adequate instruction as to the law. Cf. *James v. Ferguson,* 401 Pa. 92, 162 A. 2d 690; *Penner v. Napolitano,* 180 Pa. Superior Ct. 437, 120 A. 2d 67.

Appellant's last four contentions do not require extended discussion. Contention five is that the trial judge erred in permitting improper cross-examination of appellant's witnesses. The scope or limitation of cross-examination is largely within the discretion of the trial judge, and his action will not be reversed on appeal in the absence of an abuse of discretion or unless obvious disadvantage resulted therefrom: *Pantano v. Zamer Motor Sales Co.,* 170 Pa. Superior Ct. 317, 85 A. 2d 681; *King v. Holt,* 200 Pa. Superior Ct. 431, 188 A. 2d 760. Contention six is that the trial judge erred in restricting examination of the appellant when called on cross-examination. The purpose in calling appellant on cross-examination as the very first witness was solely to elicit from him the fact that he was a certificated common carrier. The trial judge properly refused permission to appellant's counsel at this stage of the case to conduct an examination of appellant as to matters designed to introduce his main defense. See *Rogan Estate,* 404 Pa. 205, 171 A. 2d 177.

Contention seven is that the trial judge erred "in admitting into evidence plaintiffs' testimony of damages". The testimony of the owners with regard to the value of goods lost or damaged is both competent and sufficient: *Lloyd v. Haugh,* 223 Pa. 148, 72 A. 516; *Czerwinski v. National-Ben Franklin Fire Ins. Co. of*

*Pittsburgh,* 138 Pa. Superior Ct. 84, 10 A. 2d 40. Contention eight is that the charge on the issue of damages was inadequate. Appellant took no exception, and did not request amplification. The law does not require that proof of damages be established with mathematical exactness: *Burgis v. Philadelphia County,* 169 Pa. Superior Ct. 23, 82 A. 2d 561.

Judgment affirmed.