J-S53006-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| WELLS FARGO BANK, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| JOSEPH MATZ AND MICHAELINE MATZ, | : | |
| | : | |
| APPEAL OF: MICHAELINE MATZ | : | No. 171 MDA 2015 |

Appeal from the Order entered December 19, 2014,
Court of Common Pleas, Schuylkill County,
Civil Division at No. S-1365-2013

BEFORE:  DONOHUE, OTT and MUSMANNO, JJ.

MEMORANDUM BY DONOHUE, J.:                **FILED AUGUST 17, 2015**

Michaeline Matz ("Matz") appeals from the December 19, 2014 order entered by the Schuylkill County Court of Common Pleas granting the motion for summary judgment filed by Wells Fargo Bank ("Wells Fargo"), awarding Wells Fargo in rem judgment in the amount of $48,592.35, and dismissing and denying with prejudice, in relevant part, the claim of equitable estoppel set forth in the new matter Matz filed in response to Wells Fargo's complaint in mortgage foreclosure. Upon review, we affirm.

The record reflects that on September 12, 2003, Matz and her husband, Joseph Matz, obtained a loan in the amount of $38,000 from Option One Mortgage Corporation ("Option One") for the purchase of a house located at 635 Pine Hill Street, Minersville, PA ("the property"). Following her divorce, Matz became the sole owner of the property by deed dated July 24, 2013.

On July 15, 2013, Wells Fargo filed a complaint seeking to foreclose on the property based upon Matz's alleged failure to make payments on the loan beginning on September 1, 2012. Wells Fargo averred in its complaint that it was the owner of the mortgage and note by virtue of an assignment by Option One on February 13, 2013. Wells Fargo sought in rem judgment in the amount of $41,490.11, representative of outstanding principal, unpaid interest, costs and fees. Wells Fargo appended to the complaint the Act 91 notice Wells Fargo mailed to Matz.

Matz filed an answer and new matter on September 11, 2013. In her answer, Matz denied that Wells Fargo had standing to foreclose on the property; "specifically denie[d] that the mortgage is in default for the reasons more fully set forth in the [n]ew [m]atter"; denied that she has not complied with the terms of the mortgage or that she owed the amount sought by Wells Fargo; and stated that she "[did] not recall receiving" the Act 91 notice. Answer and New Matter, 9/11/13, ¶¶ 1-7. In her new matter, Matz stated that she was informed by Ocwen Loan Servicing, LLC ("Ocwen") to deal exclusively with that company; that an unnamed representative from Ocwen instructed her to ignore any breach notices or Act 91 notices and not to contact a consumer credit counseling service; and that Matz relied upon this advice in failing to take any action with respect to the impending foreclosure. She attached correspondence she received from Ocwen that she contended provided support for her claim. Matz raised

several defenses in her new matter, including, in relevant part, that Wells Fargo was equitably estopped from foreclosing on the property based upon the representations made by Ocwen, upon which Matz reasonably relied.

Wells Fargo filed a reply to Matz's new matter, averring that nearly all of the averments contained in the new matter constituted legal conclusions to which no response was required. Wells Fargo attached to its reply a copy of the original note and allonge assigning the note to Wells Fargo.[1]

On October 30, 2014, Wells Fargo filed a motion for summary judgment, asserting that the denials in Matz's answer should be deemed admissions, thus eliminating any genuine issue of material fact. It appended thereto an affidavit of the contract management coordinator at Ocwen, which stated that Ocwen was the servicer for Wells Fargo and that Ocwen's business records reflected that Matz defaulted on her mortgage and owed a total of $48,592.35 as of August 27, 2014.

Matz filed a response in opposition to the motion for summary judgment on December 4, 2014. She averred therein that there were "numerous" issues of material fact that precluded the entry of summary judgment, including Wells Fargo's standing to foreclose on the property; whether estoppel principals precluded foreclosure based upon Ocwen's

---

[1] The document was inadvertently omitted from the certified record on appeal. On June 25, 2015, Wells Fargo filed a motion in this Court pursuant to Pa.R.A.P. 1926(b)(1) to supplement the record with a copy of the original note and allonge. We granted the motion by Order entered June 30, 2015.

alleged representations to Matz; Wells Fargo's compliance with Act 91; and proof of the existence and assignment of the note. **See** Response in Opposition to Motion for Summary Judgment, 12/4/14, ¶ 1; Memorandum of Law in Opposition to Motion for Summary Judgment, 12/4/14, at 4. She further contested Wells Fargo's contention that the denials in her answer constituted admissions to the averments contained in Wells Fargo's complaint and also asserted that entry of summary judgment would be premature at that time because the parties had not yet engaged in discovery.

On December 19, 2014, the trial court entered an opinion and order granting Wells Fargo's motion for summary judgment and dismissing Matz's new matter with prejudice. Matz filed a timely notice of appeal. She raises the following issues for our review:

> (1) Whether the lower court committed an error of law or abused its discretion by granting [Wells Fargo]'s motion for summary judgment where there exists numerous genuine issues of material fact, including whether [Wells Fargo] was the legal holder of the note and that [Wells Fargo] is estopped from pursuing the mortgage foreclosure as it induced [Matz] to refrain from seeking mortgage assistance as set forth in [Matz]'s answer and new matter?[2]

---

[2] Although raised in her statement of questions involved, Matz does not include any argument that Wells Fargo is not the legal holder of the note. **See** Matz's Brief at 16-18. As such, this claim is waived and we do not address it in this decision. **See McEwing v. Lititz Mut. Ins. Co.**, 77 A.3d 639, 647 (Pa. Super. 2013) ("Where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the

(2) Whether the lower court abused its discretion in granting the motion for summary judgment where the motion is premature as the parties had not yet engaged in discovery?

Matz's Brief at 10 (footnote added).

We review a decision granting summary judgment according to the following standard:

> A reviewing court may disturb the order of the trial court only where it is established that the court committed an error of law or abused its discretion. As with all questions of law, our review is plenary.
>
> In evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the summary judgment rule. Pa.R.C.P. 1035.2. The rule states that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered. Where the non-moving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which it bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law. Lastly, we will view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

*JP Morgan Chase Bank, N.A. v. Murray*, 63 A.3d 1258, 1261-62 (Pa. Super. 2013) (citation omitted).

---

issue in any other meaningful fashion capable of review, that claim is waived."); Pa.R.A.P. 2119(a).

As her first issue on appeal, Matz contends that the trial court failed to view the record in the light most favorable to her as the nonmoving party. Matz's Brief at 16. She states that she did not "essentially admit[]" all of the material facts in her answer, as the trial court concluded. *Id.*; *see also* Trial Court Opinion, 12/19/14, at 3-5. Rather, Matz asserts that "she raised a cognizable defense including one of estoppel," relying upon her new matter and the correspondence with Ocwen that she attached thereto in support. Matz's Brief at 16-17.

We begin with Matz's claim that she presented sufficient evidence to support the defense of equitable estoppel, thus precluding the entry of summary judgment against her. The trial court found that "the assertion that [Matz] did not seek relief through Schuylkill Community Action but dealt directly with Ocwen does not relieve her of her obligation to comply with the terms of the mortgage[.]" Trial Court Opinion, 12/19/14, at 6. Our review of the record reveals that in her new matter, Matz stated that an unnamed representative from Ocwen told her to "disregard any [b]reach [n]otices including any Act 91 [n]otices that may have been sent to her," and that she should only deal with Ocwen to address her default on her mortgage. Answer and New Matter, 9/11/13, ¶¶ 11-12. According to Matz, on that basis, she "did not pursue any possible mortgage relief … and focused directly on dealing with [Ocwen] to address the alleged mortgage default." *Id.*, ¶ 13. She attached correspondence to her answer and new matter

which she purports to be "evidence of the negotiations between [Ocwen] and [Matz] regarding a modification." *Id.*, ¶ 14, Exhibit A, B. The correspondence, however, does not reflect ongoing negotiations. The three letters attached to Matz's answer and new matter are as follows:

- A letter dated April 23, 2013 from Matz to Ocwen requesting a copy of the promissory note she signed on September 12, 2003 (*see id.*, Exhibit B);

- A letter dated May 21, 2013 from Ocwen to Matz in response to her April 23rd letter stating that she will receive a copy of the note under separate cover (*see id.*, Exhibit A); and

- A letter dated July 17, 2013 from Ocwen to Matz rejecting Matz's application for a modification of her loan based upon Matz's failure to send the required documents (*see id.*).

The doctrine of equitable estoppel requires proof that "a party by acts or representation intentionally or through culpable negligence[] induce[d] another to believe that certain facts exist and [that] the other justifiably relie[d] and act[ed] upon such belief, so that the latter will be prejudiced if the former is permitted to deny the existence of such facts." *Guerra v. Redevelopment Auth. of City of Philadelphia*, 27 A.3d 1284, 1290 (Pa. Super. 2011) (citation omitted). There is nothing in any of the correspondence between Matz and Ocwen that supports Matz's claim that anyone from Ocwen told her the foreclosure would not proceed and to ignore any notices she received indicating that she was in breach of her loan agreement. To the contrary, the July 17, 2013 letter from Ocwen to Matz

expressly stated that the mortgage foreclosure action pending against her would proceed. Answer and New Matter, 9/11/13, at Exhibit A.

The record further reflects that at the summary judgment phase, Matz relied on her answer and new matter and the attachments thereto to defend against the entry of summary judgment. **See** Response in Opposition to Motion for Summary Judgment, 12/4/14, ¶ 1; Memorandum of Law in Opposition to Motion for Summary Judgment, 12/4/14, at 4. Matz bore the burden of proving the defense of equitable estoppel and therefore could not simply rely upon her unsubstantiated claims contained in her answer and new matter to stave off the entry of summary judgment. **See Murray**, 63 A.3d at 1261-62.

The entry of summary judgment in a mortgage foreclosure action is proper "if the mortgagor admits that the mortgage is in default, the mortgagor has failed to pay on the obligation, and the recorded mortgage is in the specified amount." **Bank of Am., N.A. v. Gibson**, 102 A.3d 462, 465 (Pa. Super. 2014), *appeal denied,* 112 A.3d 648 (Pa. 2015). In response to the requisite averments, Matz admitted that the property is subject to a mortgage in the specified amount. **See** Answer and New Matter, 9/11/13, ¶ 3. Although she "specifically denie[d]" that the mortgage was in default or that she failed to pay on the obligation, her basis for the denials was her alleged conversations with an unnamed representative from Ocwen and her belief that she was negotiating the terms of the loan with Ocwen, as stated

in her new matter. ***See id.***, ¶¶ 5-6. As stated above, however, Matz's new matter and the documents appended thereto do not reflect that Ocwen was negotiating the terms of the mortgage loan with Matz or that foreclosure was not proceeding against her in spite of her default. The July 17, 2013 letter from Ocwen to Matz expressly stated that the mortgage foreclosure action pending against her would continue. ***Id.***, Exhibit A. Moreover, there is nothing in Matz's new matter that refutes or disputes Wells Fargo's averments that the mortgage was in default and that Matz has failed to make payments on the mortgage loan.

In a mortgage foreclosure action, ineffective denials of averments relating to the existence of a mortgage in a certain amount, that the mortgage is in default and that the mortgagor has failed to pay on the obligation constitutes admissions of those facts. ***Gibson***, 102 A.3d at 467; ***see also Rohr v. Logan***, 213 A.2d 166, 169 (Pa. Super. 1965) (en banc) ("Averments in a pleading are admitted when not denied specifically or by necessary implication."). We therefore agree with the trial court that despite Matz stating that she "specifically denied" the requisite averments in her answer, she effectively admitted to these facts by implication. As such, we conclude that the trial court did not err or abuse its discretion by granting Wells Fargo's motion for summary judgment.

In her second issue on appeal, Matz argues that the entry of summary judgment was "premature" because the parties had not engaged in

discovery. Matz's Brief at 18. As Matz recognizes, "[s]ummary judgment may be entered prior to the completion of discovery in matters where additional discovery would not aid in the establishment of any material fact." *Manzetti v. Mercy Hosp. of Pittsburgh*, 776 A.2d 938, 950-51 (Pa. 2001); *see* Matz's Brief at 18. As Matz also recognizes, she bore the burden of proving that "additional discovery would have aided [her]." *Manzetti*, 776 A.2d at 951; Matz's Brief at 18. Matz did not include, either in her response in opposition to Wells Fargo's motion for summary judgment or in her brief on appeal, any argument as to why additional discovery was necessary prior to the entry of summary judgment. *See generally* Memorandum of Law in Opposition to Motion for Summary Judgment, 12/4/14, at 4-5; Matz's Brief at 18. Furthermore, she failed to provide any explanation as to why she did not seek discovery during the nearly fourteen months that passed between the filing of Matz's answer and new matter to Wells Fargo's complaint and Wells Fargo's request for summary judgment. *See First Wisconsin Trust Co. v. Strausser*, 653 A.2d 688, 695 (Pa. Super. 1995) (finding no merit to the appellant's argument that summary judgment was premature because no discovery had been conducted as nearly two years had passed between the filing of the appellant's answer to the bank's complaint in foreclosure and the filing of the bank's motion for summary judgment).

Order affirmed.

- 10 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/17/2015